[Civ. No. 6053. Fourth Dist. Apr. 21, 1960.]

SUSAN STOUT et al., Plaintiffs, v. JESSE EARL PEAR-SON et al., Appellants; ROBERT FRANKLIN STOUT et al., Respondents.

212

William F. Partlow, Alfred Thomas and Stammer, Mc-Knight & Barnum for Appellants.

Hays & Hays for Respondents.

COUGHLIN, J.—The plaintiffs commenced this action to obtain damages allegedly sustained by them as a result of an automobile accident. Their complaint, directed against the defendant, Jesse Earl Pearson, hereinafter referred to as Pearson, contained appropriate allegations of negligence, proximate cause and damage. The defendant Pearson answered denying the allegations in the complaint; alleged contributory negligence on the part of the plaintiff Robert F. Stout, hereinafter referred to as Stout; and filed a cross-complaint, in which his wife joined with him as a cross-complainant, seeking to recover damages from the plaintiff Stout and his employers, who were named as cross-defendants. The cross-complaint contained appropriate allegations of negli-

gence, proximate cause and damages. The answer of the cross-defendants denied these allegations and alleged contributory negligence on the part of the cross-complainant Pearson. The automobiles involved in the collision were driven respectively by the plaintiff and cross-defendant Stout, and the defendant and cross-complainant Pearson.

In due course the action came to trial before a jury which rendered a verdict in favor of the defendant upon the complaint, denying the plaintiff any recovery thereunder, and in favor of the cross-complainants on the cross-complaint, awarding them damages against the cross-defendants. A judgment was entered accordingly. Thereafter, the plaintiff and the cross-defendants moved for a new trial, which was denied as to the complaint but granted as to the cross-complaint. No appeal was taken and this order became final.

Subsequently, the cross-complainants filed a supplemental amendment to their cross-complaint alleging that the judgment with respect to the complaint was res judicata upon the issue of liability raised by the cross-complaint; and, thereafter, made appropriate but unsuccessful motions to foreclose submission of this issue to the jury at the second trial. Thereupon, the case was submitted to that jury which rendered a verdict in favor of the cross-defendants. Judgment upon this verdict was entered accordingly from which the cross-complainants have appealed contending that, under the doctrine of res judicata, they were entitled to a directed verdict on all of the issues raised by the cross-complaint and the answer thereto except the issue of damages.

The cross-complainants contend that the action presented by the complaint and that presented by the cross-complaint are separate actions, citing *Pacific Finance Corp.* v. *Superior Court*, 219 Cal. 179, 182 [25 P.2d 983, 90 A.L.R. 384]. The decisions in this state are not in accord on this matter. (*Nicholson* v. *Henderson*, 25 Cal.2d 375, 381 [153 P.2d 945].) However, for the purpose of this opinion the correctness of this contention will be assumed and the verdict and judgment on the complaint considered as separate from those on the cross-complaint and as constituting a final adjudication. The verdict and judgment on the cross-complaint also must be considered as separate from those on the complaint and, having been set aside, are a nullity and of no effect.

"By virtue of the doctrine of *res judicata* the final determination of a court of competent jurisdiction *necessarily affirming the existence of any fact* is conclusive evidence of the

existence of that fact when it is again in issue in subsequent litigation between the same parties in the same or any other court. The facts decided in the first suit cannot be disputed or relitigated although the later suit is upon a different cause of action (citing cases). The doctrine of *res judicata* has a double aspect. A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated *and determined* in the first action." (*Todhunter* v. *Smith,* 219 Cal. 690, 694-695 [28 P.2d 916].) (Emphasis added.)

Cross-complainants rely upon the estoppel feature of the doctrine in support of their contention that the judgment on the complaint is conclusive in their favor on all of the issues of liability raised by the cross-complaint. Pertinent to an application of the principle of estoppel by judgment is a determination respecting the issues actually adjudicated in the prior action. To apply the doctrine of estoppel by judgment to an issue in a subsequent action it is not enough that such issue has been litigated in a former action; that issue, also, must have been adjudicated in the former action. In describing the fact or issue to which that doctrine is applicable the decisions considering such have referred to the essential elements of actual adjudication in various ways, i.e., the "facts *decided* in the first suit"; "such issues in the second action as were actually litigated *and determined* in the first action" (*Todhunter* v. *Smith,* 219 Cal. 690, 695 [28 P.2d 916]) ; "matters which were *decided* by the first judgment" (*Sutphin* v. *Speik,* 15 Cal.2d 195, 201 [99 P.2d 652, 101 P.2d 497]) ; "any issue necessarily *decided*" in prior litigation; the identical "issue *decided* in the prior *adjudication*" (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 810, 813 [122 P.2d 892]) ; "a matter *decided* or an issue that was actually litigated and *determined* within the meaning of the . . . rule" (*Taylor* v. *Hawkinson,* 47 Cal.2d 893, 896 [306 P.2d 797]) ; "matters actually litigated and *determined* and not as to matters which might have been litigated." (*Buick* v. *Boyd,* 37 Cal.App. 508, 514 [174 P. 913].) (Emphasis added.) These expressions are in accord with the statutory provisions on the subject that a "judgment or order is, in respect to the matter *directly adjudged*, conclusive between the parties. . . ." (Code Civ. Proc., § 1908) and "that only is deemed to have been adjudged in a former judgment which appears on its

face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto." (Code Civ. Proc, § 1911.) ██ As a consequence, "where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. ██ In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." (*Cromwell* v. *County of Sac.*, 94 U.S. 351, 353 [24 L.Ed. 195] ; *cf. Schumacker* v. *Industrial Acc. Comm.*, 46 Cal.App. 2d 95, 98 [115 P.2d 571] ; *Title Guarantee & Trust Co.* v. *Monson*, 11 Cal.2d 621, 631 [81 P.2d 944].)

██ In the case at bar, among other issues presented to the jury at the first trial by the complaint and answer were those involving the existence or nonexistence of negligence upon the part of the defendant Pearson, and the existence or nonexistence of negligence on the part of the plaintiff Stout. The verdict of the jury in the first trial finding nonliability of the defendant Pearson, may have been predicated upon a finding that the defendant Pearson was not negligent, without making any determination respecting the negligence of the plaintiff Stout; or that both the defendant Pearson and the plaintiff Stout were not negligent; or that the defendant Pearson was negligent and also the plaintiff Stout was negligent and that the negligence of each was a proximate cause of the accident. There is no manner of identifying the determination actually made. The verdict and judgment on the cross-complaint are not of assistance because they have been set aside and are a nullity. No contention is made to the contrary. Under such circumstances an application of the principle of estoppel by judgment is an impossibility. If there is an uncertainty as to what fact was determined by the former action ——

". . . as, for example: If it appears that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered—the whole subject-matter of the action will be at

large, and open to a new contention, . . ." (*Russell* v. *Place*, 94 U.S. 606, 608 [24 L.Ed. 214].)

The applicable general principle was stated by the court in *Beronio* v. *Ventura County Lumber Co.*, 129 Cal. 232, 236 [61 P. 958, 79 Am.St.Rep. 118], where it said:

"In order that a judgment in one action may constitute an estoppel against the parties thereto in a subsequent action, it must be made to appear, either upon the face of the record or by extrinsic evidence, that the identical questions involved in the issues to be tried were determined in the former action. (Citing cases.) 'Every estoppel must be certain to every intent, and not to be taken by argument or inference.' (Coke on Littleton, 352b.) 'If upon the face of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered in evidence.' "

From what has been stated heretofore, it is obvious that the cross-complaint may not say that the judgment on the complaint determined that the plaintiff Stout was negligent because the jury may not have considered this factor at all and may have based its verdict on the sole finding that the defendant Pearson was not negligent. On the other hand, the cross-complainants may not contend that the judgment on the complaint determined that the defendant Pearson was without negligence because the jury may have based its verdict on a finding that both the defendant Pearson and the plaintiff Stout were negligent. Nevertheless, the cross-complainants contend that the verdict of the jury on the complaint in the first trial conclusively imports a finding favorable to the defendant Pearson on all of the liability issues raised by the pleadings respecting the cause of action alleged in the cross-complaint. The foregoing analysis discloses the fallacy of this contention.

We conclude that a judgment based on a general verdict, in an action wherein a determination of any one of several issues may have been the basis for that verdict, does not authorize the application of the doctrine of estoppel by judgment to such issues in a subsequent action under circumstances where, as in the instant case, it is necessary to identify the specific issue determined in the former action; that the trial court properly concluded that the judgment on the complaint in the case at bar did not conclusively determine that Stout was negligent or that Pearson was not negligent; and that its refusal to instruct the jury to render a

verdict in favor of the cross-complainants on the issue of liability was proper.

This determination renders unnecessary a consideration of the further contentions argued in the briefs respecting mutuality of estoppel, priority of parties, finality of the judgment and policy questions involved in an application of the doctrine.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 14, 1960.