[Civ. No. 37619. First Dist., Div. Two. Dec. 8, 1976.]

GRACE PEPITONE, Plaintiff and Appellant, v.
ALBERT RUSSO et al., Defendants and Respondents.

**COUNSEL**

Johnson & Sutherland and Richard R. Sutherland for Plaintiff and Appellant.

Donald A. Barnett and Robert W. Speed for Defendants and Respondents.

**OPINION**

**KANE, J.**—Plaintiff Grace Pepitone appeals from the trial court's judgment reducing the amount of damages and failing to award prejudgment interest in an action brought for fraud and breach of fiduciary duty. The facts briefly stated are as follows:

In May 1968, appellant exchanged a piece of real property for a motel owned by one Goldy. The exchange agreement was drafted and the deal was transacted by respondents, a real estate brokerage firm and its individual members (hereinafter "respondents"). Due to the fact that

respondents failed to disclose that a second deed of trust encumbering the motel had an acceleration clause, appellant lost the motel at a foreclosure sale. In the ensuing lawsuit brought for fraud and breach of fiduciary duty, the jury returned a verdict for appellant in the sum of $85,735. Respondents moved for a new trial which was granted solely on the issue of damages. At retrial, the court sitting without a jury reduced the amount of damages from the original $85,735 to $25,834, and declined to award appellant prejudgment interest on the amount of recovery.

Appellant contends that the ruling of the trial court is erroneous in both respects. In essence, appellant maintains that in the instant case the damages suffered should have been measured by "the benefit of the bargain" rule as set forth in Civil Code,[1] section 3333, rather than by the "out-of-pocket loss" rule provided in section 3343, and also that prejudgment interest should have been awarded pursuant to section 3287, subdivision (a).

■ Before discussing the proper measure of damages applicable in the present case, we point out that respondents, as real estate agents, undeniably owed a fiduciary obligation to appellant to disclose all material facts which might affect her decision with regard to the transaction (*Batson* v. *Strehlow* (1968) 68 Cal.2d 662, 674-675 [68 Cal.Rptr. 589, 441 P.2d 101]; *Ford* v. *Cournale* (1973) 36 Cal.App.3d 172, 180 [111 Cal.Rptr. 334]). It is likewise clear that, although the original action was instituted for fraud and breach of fiduciary duty and the jury rendered a general verdict without revealing the legal basis of the verdict, both parties contend and the record supports the proposition that respondents' liability was predicated on the theory of breach of fiduciary duty.

■ The foregoing observation appears to be crucial with regard to the determination of the damage issue here. California law is committed to the view that the fraudulent breach of fiduciary duty is a tort, and the faithless fiduciary is obligated to make good the full amount of the loss of which his breach of faith is a cause (*Prince* v. *Harting* (1960) 177 Cal.App.2d 720, 729-730 [2 Cal.Rptr. 545]; *Walsh* v. *Hooker & Fay* (1963) 212 Cal.App.2d 450, 461 [28 Cal.Rptr. 16]). ■ In accordance with this general principle, the cases hold that while the fraudulent property transactions between a vendor and vendee are governed by the special

---

[1]Unless otherwise indicated, all references will be made to the California Civil Code.

"out-of-pocket-loss" rule espoused in section 3343 (*Bagdasarian* v. *Gragnon* (1948) 31 Cal.2d 744 [192 P.2d 935]; *Garrett* v. *Perry* (1959) 53 Cal.2d 178 [346 P.2d 758]), *where,* as here, *the defrauding party stands in a fiduciary relationship to the victim of fraud, the damages must be measured pursuant to the broad provisions of sections 3333 and 1709[2] regulating compensation for torts in general* (*Walsh* v. *Hooker & Fay, supra,* at pp. 458-459; *Simone* v. *McKee* (1956) 142 Cal.App.2d 307, 315 [298 P.2d 667]; see also *Pepper* v. *Underwood* (1975) 48 Cal.App.3d 698, 707 [122 Cal.Rptr. 343]; *Ford* v. *Cournale, supra*). The cases amplify that the measure of damages provided by the foregoing sections is substantially the same as that for breach of contract prescribed by section 3300; i.e., it tends to *give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been had the promisor performed* the contract (*Northwestern Title Security Co.* v. *Flack* (1970) 6 Cal.App.3d 134, 146 [85 Cal.Rptr. 693]; *Ruzanoff* v. *Retailers Credit Assn.* (1929) 97 Cal.App. 682, 687 [276 P. 156]; see also *McDonnell* v. *American Leduc Petroleums, Ltd.* (2d Cir. 1972) 456 F.2d 1170, 1183; *Wickman* v. *Opper* (1961) 188 Cal.App.2d 129, 132 [10 Cal.Rptr. 291]).

Applying the benefit of the bargain rule to the instant case, the determination of damages presents a relatively simple task. Under the benefit of the bargain doctrine we must consider the *loss* sustained by appellant rather than the value with which she parted (*Avery* v. *Fredericksen* and *Westbrook* (1944) 67 Cal.App.2d 334, 336 [154 P.2d 41]). Therefore, in ascertaining the damages, we must look solely to the fair market value of the motel which was lost by reason of respondents' breach and the expenditures that appellant incurred in her efforts to forestall the foreclosure. To the value of both these items the record gives a plain and unequivocal answer. Under uncontradicted evidence the purchase price of the motel, which was regarded by all parties as a result of a fair exchange, was $136,785.86. The motel was encumbered by loans of $57,047.47 and $23,976.55, totaling $81,024.02. Employing simple arithmetical computation, the loss sustained by appellant, therefore, is equivalent to the difference between the purchase price and the encumberances, to wit, $55,761.84. The record is similarly undisputed that in order to refinance the motel and prevent foreclosure, appellant

---

[2]Section 1709 provides that "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for *any damage* which he thereby suffers." Section 3333, in turn, sets out that "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate *for all the detriment* proximately caused thereby, whether it could have been anticipated or not." (Italics added.)

incurred an additional expense of $500. Thus, it is clear that under the benefit of the bargain rule appellant is entitled to recover both damage items in the total sum of $56,261.84.[3]

■ While appellant's claim with regard to the amount of damages is well taken, her second argument that she was also entitled to prejudgment interest pursuant to section 3287, subdivision (a), is ill conceived, and must be rejected.

The case law is clear that section 3287, subdivision (a), which calls for prejudgment interest from the date of loss where, as here, the damages are certain or are capable of being made certain by calculation, applies only in cases where the recovery is predicated on breach of contract.[4] Here, however, appellant proceeded on the theory of violation of a fiduciary relationship which constitutes constructive fraud (*Redke* v. *Silvertrust* (1971) 6 Cal.3d 94, 106 [98 Cal.Rptr. 293, 490 P.2d 805]). It is well settled that in such an instance the party is entitled to the benefit of section 3288, which allows an award of interest in the discretion of the trier of fact.[5] As the court pointed out in *Nathanson* v. *Murphy* (1957) 147 Cal.App.2d 462, 467 [305 P.2d 710], when sections 3287 and 3288 are read together, the proper rule is that the defrauded party may ask for damages from the date of the fraud, but whether interest is to be awarded is left to the discretion of the trier of fact which is to be exercised in consideration of the circumstances of the individual case. In the present instance, the trial court failed to award prejudgment interest and, considering all the circumstances of the case, we cannot say that the trial court abused its discretion.

We conclude that in the case at bench the proper measure of damages is the benefit of the bargain rule. In applying this measure, appellant is entitled to damages in the amount of $56,261.84. We also hold that appellant's right to interest is predicated on section 3288, which makes it discretionary for the trier of fact whether to award prejudgment interest,

---

[3] Appellant fails to claim loss of future profits or other damages which in an appropriate case would also be recoverable under sections 3333 and 1709.

[4] Section 3287, subdivision (a), provides in part that "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ."

[5] Section 3288 reads as follows: "*In an action for the breach of an obligation not arising from contract,* and in every case of oppression, fraud, or malice, *interest may be given, in the discretion of the jury.*" (Italics added.)

and in light of the circumstances of this case it cannot be said that the trial court abused its discretion.

The judgment is modified by deleting paragraph 1. thereof and substituting therefor the following:

1. That judgment in the amount of $56,261.84 is rendered in favor of plaintiff, Grace Pepitone, and against defendants Albert Russo, individually and doing business as Russo and Associates, and Alfred Alfinito, individually.

As so modified the judgment is affirmed. Appellant to recover costs.

Taylor, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied January 7, 1977, and respondents' petition for a hearing by the Supreme Court was denied February 3, 1977.