**In re Romulo M. MOLINA, Debtor.**

**Romulo M. Molina, Appellant,**

v.

**David Seror, Chapter 7 Trustee; Bernalyn Gutierrez; Nelia Gutierrez, Appellees.**

BAP No. CC–97–1404–WMeB.
Bankruptcy No. LA 95–23520 TD.
Adversary No. LA 96–02731 TD.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 22, 1998.

Decided Dec. 8, 1998.

David Unrot, Pasadena, CA, for appellant.

James S. Winetrobe, Woodland Hills, CA, for appellees.

Before WILLIAMS [1], MEYERS, and BRANDT, Bankruptcy Judges.

1.  Hon. Patricia C. Williams, Bankruptcy Judge for the Eastern District of Washington, sitting by

*OPINION*

WILLIAMS, Bankruptcy Judge.

### BACKGROUND

In 1989, the two appellees, Bernalyn and Nelia Gutierrez (hereinafter "Gutierrez"), filed a complaint in the state court of California against Romulo M. Molina (hereinafter "Molina") and Stephen Hayes (hereinafter "Hayes"). The complaint alleged that Molina was employed by and an agent of Hayes, a licensed attorney. Gutierrez were injured in an auto accident and while in the home of the driver of the vehicle which injured them, they were approached by Molina to sign a fee agreement retaining Hayes to pursue a claim against the driver. They then signed the fee agreement.

The complaint alleged that Hayes settled the claim without Gutierrez' consent, received settlement proceeds, forged their name on the checks and appropriated the proceeds. The complaint further alleged that both Hayes and Molina made misrepresentations to Gutierrez and that their acts were "intentional, oppressive and malicious" and constituted fraud. The complaint contains numerous other allegations not relevant to this appeal, and sought compensatory and punitive damages.

The matter was arbitrated on July 3, 1990 and the arbitrator, in addition to awarding damages against Hayes, also awarded $15,-000 general damages for one appellee and $7,500 general damages for the other appellee against Molina. The award also states: "Each [appellee] shall recover from [Molina] the sum of $75,000 in punitive damages." No findings of fact were entered and the award is silent regarding the basis of the punitive damages award. The arbitration award was confirmed by the State of California Superior Court, and a state court judgment against Molina was entered on October 26, 1990 for the general damages and the punitive damages. The judgment expressly awards "punitive damages for fraud in the sum of $75,000" in favor of each appellee.

designation.

After Molina commenced his Chapter 7 bankruptcy proceeding in 1995, Gutierrez filed a complaint to determine the debt was not dischargeable under § 523(a)(6) of the Bankruptcy Code.[2] The bankruptcy court granted Gutierrez' motion for summary judgment based upon the doctrine of collateral estoppel.

## ISSUES

The principal issue presented on appeal is whether the trial court was correct in its determination that, despite the lack of findings, it was bound by the determination that fraud had occurred. If the finding of fraud was binding, was that finding sufficient basis for the bankruptcy court to determine the debt was nondischargeable under § 523(a)(6)?

## STANDARD OF REVIEW

■ Whether collateral estoppel applies is a mixed question of law and fact with the legal issues predominate. The determination is reviewed *de novo, In re Nourbakhsh*, 67 F.3d 798 (9th Cir.1995).

## DISCUSSION

■ Generally, 28 U.S.C. § 1738 provides that state judicial proceedings are to be given full faith and credit in federal courts. As the arbitration award was confirmed by a state court and became a state court judgment, it is entitled to full faith and credit. Several bankruptcy courts have held that, assuming other elements of collateral estoppel are met, arbitration awards can as a matter of law preclude re-litigation of factual and legal issues. *In re Zangara*, 217 B.R. 26 (Bankr.E.D.N.Y.1998); *In re Selmonosky*, 204 B.R. 820 (Bankr.N.D.Ga.1996); *In re Marks*, 192 B.R. 379 (E.D.Pa.1996); *In re Clayton*, 168 B.R. 700 (Bankr.N.D.Cal.1994). A state court's confirmation of an arbitration award is a final judgment of a state court entitled to full faith and credit. *Jalil v. Avdel Corp.*, 873 F.2d 701 (3rd Cir.1989), *cert. denied, Avdel Corp. v. Jalil*, 493 U.S. 1023, 110 S.Ct. 725, 107 L.Ed.2d 745 (1990); *Caldeira v. County of Kauai*, 866 F.2d 1175

(9th Cir.1989), *cert. denied* 493 U.S. 817, 110 S.Ct. 69, 107 L.Ed.2d 36 (1989).

■ To the extent Molina's argument is that the state court should not have entered the judgment it did, because neither the arbitrator nor the court made specific findings on which to predicate punitive damages, it is unavailing. We are, and the bankruptcy court was, presented with an unappealed final judgment, which, even if erroneous, must be given full faith and credit. *Warren v. Lawler*, 343 F.2d 351 (9th Cir.1965); *In re Moore*, 186 B.R. 962, 974 (Bankr.N.D.Cal. 1995).

■ In order to analyze whether collateral estoppel applies, the federal court must look to the law of the state in which the judgment was entered. *In re Nourbakhsh*, 67 F.3d 798; *In re Zangara*, 217 B.R. 26; *In re Moore*, 186 B.R. 962. The elements of collateral estoppel under California law were most recently set forth in *Lucido v. Superior Court*, 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990) and again in *In re Turner*, 204 B.R. 988 (9th Cir. BAP 1997). The elements are: 1) the issue to be precluded is identical to the issue in the former proceeding; 2) the issue was actually litigated in the former proceeding; 3) the issue was decided in the former proceeding; 4) the judgment in the former proceeding is a final judgment on the merits; and 5) the party against whom preclusion is sought must be the same party as in the former proceeding.

■ In this case, there is no controversy regarding the second, fourth and fifth elements. The third element presents the question of whether the subject of Molina's fraudulent acts was decided in the state proceeding. Even though the arbitration award does not specifically refer to fraud, the judgment entered by the state court specifically states that punitive damages are awarded "for fraud." Consequently, the third element of the collateral estoppel test has been met. No finding of fact or conclusion of law is necessary to determine that the issue of defendant's fraud was raised and decided by

---

2. Absent contrary indication, all section and chapter references are to the Bankruptcy Code,

11 U.S.C., and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

the arbitrator and the state court. The more difficult determination is the satisfaction of the first element of the collateral estoppel test. It is in making this determination that the lack of findings creates difficulty.

First, for an award of punitive damages to be entered under California law, clear and convincing evidence of fraud must be presented. Cal.Civ.Code § 3294(a). For a determination of nondischargeability under § 523(a)(6), the elements need only be proven by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). As the burden of proof on the claimant is more onerous under state law than under bankruptcy law, the state court's factual determination would be binding upon the bankruptcy court. *In re Clayton*, 168 B.R. 700.

Second, it must be determined whether the legal test for an award of punitive damages for fraud under California law is the same legal test as would be applied in a dischargeability action under § 523(a)(6).

The elements of nondischargeability under § 523(a)(6) are: (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986). As the Ninth Circuit noted last year in *Bammer*:

> This four-part definition does *not* require a showing of biblical malice, i.e., personal hatred, spite, or ill-will. Nor does it require a showing of an intent to injure, but rather it requires only an intentional act which causes injury. Moreover, we held in *In re Britton*, 950 F.2d 602, 606 (9th Cir. 1991) that a court applying this test must take into consideration a policy that favors the victims of fraud over the perpetrators.

*In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997) (citations omitted).

Earlier this year, in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court ruled that a "deliberate or intentional injury," rather than merely an intentional act, is required, modifying the third element of the Ninth Circuit's formulation. In so doing, the court focused on the statutory term "intentional," and did not explicitly address its companion, "malicious." We need not resolve in this case whether the fourth element of the Ninth Circuit test retains any independent viability.

Cal.Civ.Code § 3294 authorizes punitive damages to be awarded for fraud, and provides:

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
>
> . . . .
>
> (c) As used in this section, the following definitions shall apply:
>
> . . . .
>
> (3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal.Civ.Code § 3294 (West 1998).

In the instant proceeding, the state court judgment confirming the arbitration award included "punitive damages for fraud." Under the California statute intent to injure is a prerequisite to such an award: the court necessarily determined that Molina intended to harm the Gutierrezes. Three of the four elements of nondischargeability under § 523(a)(6) are clearly established via the requirements of Civil Code § 3294: a wrongful act, done intentionally, and intended to injure. If there is, after *Kawaauhau*, a separate maliciousness requirement, embodied in the Ninth Circuit's fourth element ("without just cause or excuse," *Cecchini*, 780 F.2d at 1443), that element may not be directly satisfied by the findings implicit in a California court's imposition of punitive damages for fraud. That element is, however, indirectly provided:

> A cause can hardly be 'just' when it entails helping an embezzler avoid restitution for her crimes, and when the expression of the cause involves intentional fraud. 'Just fraud' in this context is a perverse oxymo-

**252**

ron that sets the modifier on its head. *Any* dictionary one consults defines 'just' as 'honorable and fair in dealings and actions,' 'consistent with moral right,' and 'valid within the law.' Such a meaning is incompatible with [debtor's] knowing and purposeful interference with [plaintiff's] right to restitution.

*Bammer,* 131 F.3d at 792. We see no significant difference between the participation of the debtor in a fraudulent transfer to frustrate a crime victim's recovery of restitution from the debtor's mother, as in *Bammer,* and the debtor's conduct in this case. *See also In re Moore,* in which the court concluded, in a pre-*Kawaauhau* case in which the judgment did not specify the basis for the award of punitive damages, that § 3294 required malice for the award of punitive damages. *Moore,* 186 B.R. at 966 n. 2 and 972–974. In the instant proceeding, the state court judgment which confirmed the arbitration award specifically included an award for "punitive damages for fraud." Consequently, no separate findings of fact are required, as the necessary findings are implicit in the state court's granting of punitive damages for fraud.

### *CONCLUSION*

The legal issue determined by a California court in granting an award of punitive damages for fraud is the same presented to a bankruptcy court in a nondischargeability action under § 523(a)(6), i.e. did the defendant intend to injure the other party? The doctrine of collateral estoppel precludes re-litigating that issue in bankruptcy court. The trial court is **AFFIRMED**.