**In re Harry ROUSSOS; Theodosios Roussos, dba Roussos Investments, Debtors.**

**Harry Roussos; Theodosios Roussos, Appellants,**

v.

**Lula Michaelides, Appellee.**

BAP No. CC–99–1351–MaMeB.

Bankruptcy No. SV93–31261–AG.

Adversary No. SV94–03765–AG.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 22, 2000.

Decided July 7, 2000.

88

David R. Haberbush, Haberbush & Campbell, Long Beach, CA, for Harry Roussos, Theodosios Roussos, appellants.

Bennett L. Spiegel, Wynne, Spiegel, Itkin, Los Angeles, CA, for Lula Michaelides, appellee.

Before MARLAR, MEYERS, and BRANDT, Bankruptcy Judges.

## OPINION

MARLAR, Bankruptcy Judge.

### INTRODUCTION

In a nondischargeability proceeding concerning fraud by a fiduciary (§ 523(a)(4)), and willful and malicious injury (§ 523(a)(6)),[1] the bankruptcy court granted summary judgment to the creditor, Lula Michaelides ("the appellee"). A state court judgment had been rendered in the appellee's favor against Harry Roussos and Theodosios Roussos (the "debtors") for breach of fiduciary duty and fraud. In determining the debt to be nondischargeable, the bankruptcy court applied collateral estoppel to the state court judgment.

The state court had calculated the compensatory damages according to a contractual "benefit-of-the-bargain" method, which is allowable under California law, whereas fraud damages typically are de-

1. Unless otherwise indicated, references to "section," "chapter," or "Code" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. Rule references are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.") or the Federal Rules of Civil Procedure ("Fed. R.Civ.P.").

termined by "out-of-pocket" loss.[2] Thus, the debtors sought a trial in bankruptcy court on the issues of causation and damages. The debtors have appealed the bankruptcy court's decision to apply collateral estoppel, and contend that the state court never determined the amount of the damages attributable to the debtors' fraud.

## FACTS

The appellee is the executrix of the estate of August K. Michaelides. Mr. Michaelides was a partner of the debtors in the investment and operation of rental properties. The debtors breached their fiduciary duties, owed to Michaelides, by failing to account and pay over to Michaelides, and subsequently to his estate, partnership properties and monies, and by concealing the misappropriation of partnership funds for their personal use. The factual findings showed that the debtors received more than $1.7 million in cash proceeds from refinancing the partnership properties, none of which were paid over to Michaelides or the appellee. In addition, the debtors sent unrecorded grant deeds to Michaelides to create the false impression that Michaelides was on title to the partnership properties when, in fact, the debtors never had any intention of putting him on title.

The partnership was dissolved by operation of law when Michaelides died in 1990. In 1992, the appellee filed a lawsuit in state court against the debtors and for dissolution. The state court found the debtors to be liable on the plaintiff's claims for: (1) an accounting; (2) breach of contract; (3) breach of fiduciary duty; and (4) breach of the implied covenant of good faith and fair dealing. It awarded punitive damages.

The state court trial was bifurcated. The first phase was to determine an accounting of partnership interests and whether there was a breach of contract. Following an eight-day trial, the state court determined that the value of Michaelides's share of the partnership and property was $619,018, plus prejudgment interest. The court also found that the debtors breached the contract, resulting in damages of the same amount—$619,018.

The second phase included the determination of whether the debtors committed fraud and breach of fiduciary duty, and the amount of damages incurred by the plaintiff. Before the second phase commenced, however, the debtors filed chapter 11 petitions on June 13, 1993. In September, 1993, the appellee obtained stay relief to continue the state court proceedings.

The second phase of the trial took place in December, 1993. The state court found that the debtors breached their fiduciary duties to Michaelides and the appellee,

> by the failure to account for the Partnership properties and monies entrusted to defendants by August K. Michaelides, and the failure to pay over amounts to August K. Michaelides and plaintiff timely and properly and by the concealment of defendants' misappropriation of Partnership funds.

Statement of Decision, March 2, 1994, p. 5, lines 6–12.

The evidence also showed, and the state court further found, that the debtors had committed actual fraud, by deceit, including the suppression of facts. Cal.Civ.Code §§ 1572(1)(3)(5), 1740. Section 1709 of the Civil Code provides that damages for "fraudulent deceit" shall be "any damage which [the injured deceived person] thereby suffers." Cal.Civ.Code § 1709.

To prevent a double recovery for the breach of fiduciary duty as well as the fraud count, the appellee's counsel proposed that the same damages should apply

---

**2.** "Benefit of the bargain" is the difference between the actual value of what the plaintiff received and that which he expected to receive. "Out of pocket" is the difference between the actual value received and the actual value conveyed. *Overgaard v. Johnson,* 68 Cal.App.3d 821, 823, 137 Cal.Rptr. 412, 413 (Cal.App.1977).

to both phases, as well as to all theories of recovery. The debtors did not object.

In accordance with California law, the compensatory damages for fraudulent breach of fiduciary duty were calculated using the "benefit of the bargain" rule, as set forth in the general tort statute, Cal. Civ.Code § 3333 (emphasis added):

> For the breach of an obligation *not arising from contract*, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.

Consequently, damages for the debtors' fraud and breach of fiduciary duty were determined to be $619,018 (plus prejudgment interest), the amount already found, in the first phase, to be the value of the appellee's partnership interest.

The state court further determined that punitive damages were justified,[3] pursuant to Cal.Civ.Code § 3294–4(c)(1)(2)(3), in that "[m]alice, oppression and fraud (committed by each defendant) ... ha[d] been established by clear and convincing evidence." In this regard, the state court found that the debtors' conduct was "egregious," they were "unusually *incredible* witnesses," and their testimony was "untruthful in several respects."[4] The amount of punitive damages was first determined to be $500,000 as to each debtor, but was later adjusted downward to $200,000 as to each debtor.

The amended judgment was filed on June 15, 1994. The separate damages calculation was attached:

| | |
|---|---|
| Compensatory damages | $619,018.00 * |
| Interest per Judgment | 162,996.77 * |
| Costs | 10,000.00 * |
| Punitive damages | 200,000.00 ** |
| Punitive damages | 200,000.00 ** |

\* Joint and several liability with Harry [or Theodosios] Roussos

\* \* Individual liability

The debtors appealed the state court judgment, and argued, *inter alia*, that the punitive damage judgment, based on their fraud, was not supported by the evidence. The judgment was affirmed in its entirety in an unpublished decision dated August 28, 1998. The judgment is now final.

The appellee filed a timely complaint to determine that the judgment was nondischargeable in the debtors' bankruptcy cases. On or about January 3, 1995, the appellee filed a Motion for Summary Judgment in the adversary proceeding in which she argued that the bankruptcy court should apply collateral estoppel to the state court's findings.

The motion was heard on March 26, 1999. The debtors' counsel summed up their positions as objecting to the application of collateral estoppel only as to the damages portion of the judgment. They conceded that all of the substantive elements of § 523(a)(4) and (a)(6) were satisfied by application of collateral estoppel to the state court findings.[5]

---

**3.** A breach of fiduciary duty may constitute "constructive fraud" even though there is no actual fraud or fraudulent intent. Constructive fraud damages would also be subject to the general tort damages statute; however, punitive damages would not ordinarily be awardable. *See Salahutdin v. Valley of Cal., Inc.*, 24 Cal.App.4th 555, 564–68, 29 Cal. Rptr.2d 463, 467–70 (1994).

**4.** Each debtor listed his net worth as $500,000 on his bankruptcy schedules, but later argued, in their appeal of the state court decision, that bankruptcy schedules lack any probative value to establish net worth because

their purpose "is not to disclose, but to persuade the Bankruptcy Court, and the debtor's creditors, that they have sufficient assets to reorganize. Chapter 11 petitions exaggerate the value of assets." The appellate court rejected this argument outright, and stated: "Defendants have truly been hoisted by their own petard," meaning that they effectively admitted perjuring themselves in executing the bankruptcy schedules. *See* Appellate Decision, August 28, 1998, pp. 27–28.

**5.** The discussion was as follows:

THE COURT: But you don't dispute the fact that with respect to the other elements of

The bankruptcy court's ruling was succinct. In relevant part, it provided:

> If the federal court looks to state law in determining damages for fraud and under state law the benefit of the bargain approach is acceptable, then this Court must give full faith and credit to that. And if giving full faith and credit to that then that [sic], as far as this Court was concerned, must give collateral estoppel effect to it, because the Court finds that the issue of damages was actually litigated and state law was applied for purposes of fraud. And that was reviewed by the state court on appeal and it was—that was sustained.

Transcript of March 26, 1999, p. 40.

The bankruptcy court granted summary judgment in favor of the appellee. Its Order and separate Findings of Fact and Conclusions of Law were entered on May 28, 1999. The bankruptcy court ruled that the entire state court judgment was non-dischargeable, including (1) compensatory damages totaling $792,014.77, plus post-judgment interest at 10 percent from the entry date of the state court judgment, and (2) punitive damages in the total amount of $400,000, plus postjudgment interest at 10 percent from the entry date of the state court judgment.

### ISSUES

1. Whether material factual issues existed such that the bankruptcy court was required to conduct a trial to determine the actual damages caused by the debtors' wrongful conduct (out-of-pocket), or if the bankruptcy court correctly applied collateral estoppel to the state court's award of damages based on a benefit-of-the-bargain formula, which is appropriate under California law.

> 523(a)(4) and (a)(6) that collateral estoppel would preclude you from litigating those issues in this court?
> MS. FRAZER: That's correct, Your Honor. The only issue that we're raising today is the issue of damages directly attributable to the tortious conduct. And because the

2. Whether the debtors' demand for a redetermination of the fraud damages is barred by the *Rooker–Feldman* doctrine.

### STANDARD OF REVIEW

■ We review a summary judgment *de novo*, making all reasonable inferences in favor of the nonmovant to determine whether there exists any genuine issue of material fact. *In re Johnston*, 21 F.3d 323, 326 (9th Cir.1994). Summary judgment is appropriate when the pleadings and supplemental materials present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Bankr.P. 7056/ Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A properly-supported summary judgment motion cannot be defeated by the mere existence of some alleged factual dispute between the parties. *United States ex rel. Anderson v. Northern Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.1995), *cert. denied*, 516 U.S. 1043, 116 S.Ct. 700, 516 U.S. 1043 (1996).

■ Determinations by the bankruptcy court on the application of collateral estoppel are reviewed *de novo*. *In re Molina*, 228 B.R. 248, 250 (9th Cir. BAP 1998). The bankruptcy court's subject matter jurisdiction is a legal issue that is reviewed *de novo*. *See In re Audre, Inc.*, 216 B.R. 19, 25 (9th Cir. BAP 1997).

### DISCUSSION
#### A. Collateral Estoppel

■ Section 523(a)(4) provides that a debtor cannot discharge any "debt ... for fraud or defalcation while acting in a fiduciary capacity." "Fraud" under this statute means actual fraud. *See In re Bugna*, 33 F.3d 1054, 1057 (9th Cir.1994); *see also*

> plaintiffs in the state court elected just to carry over the breach of contract damages to the other causes of action we don't think that's ever been adjudicated.
> Transcript of March 26, 1999, p. 12, lines 5–14.

*In re Berry,* 174 B.R. 449, 453 (Bankr. N.D.Tex.1994) (§ 523(a)(4) requires positive fraud or fraud in fact); *In re Marino,* 139 B.R. 380, 383 (Bankr.D.Md.1992). Section 523(a)(6) excepts from discharge a "debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity."

■ Federal law governs the dischargeability of debts. *In re Berr,* 172 B.R. 299, 304 (9th Cir. BAP 1994). However, the validity of a creditor's claim is determined by rules of state law. *Grogan v. Garner,* 498 U.S. 279, 283, 111 S.Ct. 654, 657, 112 L.Ed.2d 755 (1991).

■ Collateral estoppel, or issue preclusion, applies in dischargeability proceedings. *Bugna,* 33 F.3d at 1056 (citing *Garner,* 498 U.S. at 284 & n. 11, 111 S.Ct. at 658 & n. 11). In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's collateral estoppel principles. *In re Nourbakhsh,* 67 F.3d 798, 800 (9th Cir.1995). "[A] bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action." *Garner,* 498 U.S. at 284, 111 S.Ct. at 658.

Collateral estoppel generally prevents a party from relitigating an issue that the party has litigated and lost. The Supreme Court has opined:

> If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [§ 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979).

■ Here, California collateral estoppel law requires:

1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;

2) The issue must have been actually litigated in the former proceeding;

3) It must have been necessarily decided in the former proceeding;

4) The decision in the former proceeding must be final and on the merits; and

5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*In re Younie,* 211 B.R. 367, 373 (9th Cir. BAP 1997), *aff'd,* 163 F.3d 609 (9th Cir. 1998) (applying California law); *see also Lucido v. Superior Court,* 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 769, 795 P.2d 1223, 1225 (1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991).

### *(i) Standards for Collateral Estoppel*

The debtors contend that collateral estoppel should not have been applied in this case because the "standard" used to measure the damages in the state court was different from that governing dischargeability under federal law. Specifically, the debtors contend that the benefit-of-the-bargain measure in state court is used for breach of fiduciary duty generally, and therefore fraud was not "necessarily decided" as part of the damages determination nor was it "actually litigated." Indeed, the parties had acquiesced in the benefit-of-the-bargain damages for all theories of liability in the damages phase, and did not present further evidence to separate the damages for each count. And the court made no factual findings as to damages for fraud. Now, the debtors argue that the damages due to the fraudulent conduct must be distinguished from the partnership and accounting damages, in order to render them nondischargeable under federal law.

We disagree that, in this case, the measure of damages attributable to the fraud

and tortious conduct is a separate "standard," within the meaning of *Brown* and *Garner*, which was not met. The debtors' conduct was proven by the appellee to be identical with the conduct required by the elements of 523(a)(4) and (a)(6). The debtors have not challenged the bankruptcy court's determination that the substantive issues determined in state court: 1) were identical with the legal tests required for fraud, fiduciary capacity, and willful and malicious injury, pursuant to 523(a)(4) and (a)(6); 2) were actually litigated; 3) were necessary to the judgment for fraudulent breach of fiduciary duty; and 4) were finally determined. These state law requirements for applying collateral estoppel, as well as having the same "standard of proof" and "standard of conduct" are the "standards" for giving collateral estoppel effect to the state court findings in federal court.

### (ii) Determination of the Debt

■ There are two separate and distinct causes of action in a nondischargeability proceeding: one is on the debt, as determined by state law, and the other is on the dischargeability of that debt, as determined by federal law. *See In re McKendry*, 40 F.3d 331, 337 (10th Cir.1994).

■ Under California law, a "fraudulent breach of duty is a tort, and the faithless fiduciary is obligated to make good the full amount of the loss of which his breach of faith is a cause." *Pepitone v. Russo*, 64 Cal.App.3d 685, 688, 134 Cal.Rptr. 709, 711 (1976). Therefore, in cases of fraudulent breach of fiduciary duty, the measure of damages is based on the broad provisions regulating compensation for torts in general. These provisions include Cal.Civ.Code 3333 and Cal.Civ.Code 1709, which provide substantially the same damages as are provided for a breach of contract under Cal.Civ.Code 3300, in that the injured party is given the benefit of his bargain. 6 B.E. WITKIN, SUMMARY OF CALIFORNIA LAW § 1448, at 925 (9th ed.1988). In addition, damages for "fraudulent deceit" pursuant to § 1709 are "any damage

which [the injured deceived person] thereby suffers." Cal.Civ.Code § 1709.

In California, punitive damages cannot be awarded unless the court finds that the tortious conduct constituted "malice, oppression or fraud." Cal.Civ.Code § 3294. The state court made such findings and awarded punitive damages in this case.

Regarding the issue of the debt itself, it is clear that the benefit-of-the-bargain damages were imposed for the fraud count, and that the measure of damages was appropriate under California law. In addition, determination of the fraud issue was necessary to the judgment. *See Stout v. Pearson,* 180 Cal.App.2d 211, 215–16, 4 Cal.Rptr. 313, 316 (1960). The judgment was affirmed by the state appellate court.

### (iii) Dischargeability of the Debt

■ If, in a nondischargeability proceeding, a bankruptcy court applies collateral estoppel based on a state court judgment, finding that the fraud issue has been fully litigated and finally determined, then the entire award is the nondischargeable debt. For example, in *Bugna*, the Ninth Circuit Court of Appeals affirmed the bankruptcy court's determination that the state court's award for compensatory and punitive damages was nondischargeable, in a fraud and breach of fiduciary duty action, after the court correctly applied collateral estoppel. *Bugna*, 33 F.3d at 1059. The court noted that § 523(a)(6) had also been interpreted as barring the discharge of punitive damages liability. *Id.* at 1057. The court opined:

A state court judgment, whether for punitive or compensatory damages, clearly represents a debt within the meaning of the Bankruptcy Code. The Code defines "debt" as "liability on a claim," 11 U.S.C. § 101(12), and a "claim" as a "right to payment, whether or not such right is reduced to judgment." 11 U.S.C. § 101(5)(A). Whether for compensatory or punitive damages, a state court judgment is a "right to payment," and thus a "debt" within

the meaning of section 523(a)(4). Any other interpretation of the term "debt" would stretch credulity; after all, if it applies to nothing else, the Bankruptcy Code applies to state court judgments. *Id.* at 1058.

The definition of "debt" as "liability on a claim," means that the nondischargeable debt must be the total liability of that perpetrator for the fraud. *See id.*

This principle has been amplified by the Supreme Court in *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). In *Cohen*, the Court held that a bankruptcy court could determine the debt, in a nondischargeability proceeding pursuant to § 523(a)(2)(A), to include attorneys' fees and costs, as well as punitive damages pursuant to state law in the form of treble damages. The Court read § 523(a)(2) in *pari materia* with other nondischargeability sections, including § 523(a)(4) and (a)(6).

Although *Cohen* was not a collateral estoppel case, the Court held that "[o]nce it is established that specific money or property has been obtained by fraud, ... 'any debt' arising therefrom is excepted from discharge." The Court emphasized that "any debt" referred to "full liability" and the focus was on making the creditor "whole." *Id.*, 523 U.S. at 218, 223, 118 S.Ct. at 1216, 1218.

In the context of a § 523(a)(4) proceeding, it has been held that it is proper for the bankruptcy court to apply state law to calculate prejudgment interest into the amount of the nondischargeable debt. *See In re Niles*, 106 F.3d 1456, 1463 (9th Cir. 1997). Similarly, attorneys' fees and costs, if awardable under state law, are also part of the nondischargeable debt. *See In re Pham*, 250 B.R. 93 (9th Cir. BAP 2000). We have also affirmed a bankruptcy court's decision to apply collateral estoppel to an award for punitive damages, in a

§ 523(a)(6) adversary proceeding, even though the state court did not make specific findings on which to predicate the award. *Molina*, 228 B.R. at 250–51 (determining that the legal test for an award of punitive damages for fraud under California law is the same legal test as would be applied in a dischargeability action under § 523(a)(6)).

Thus, a nondischargeable "debt" may include prejudgment interest, attorneys' fees and costs, and punitive damages, not all of which are actual out-of-pocket losses of the creditor due to the fraud, but all of which arise from the debtor's liability for the fraudulent conduct.

The discrete issue before us is analogous and, seemingly, resolved by *Cohen: i.e.*, whether a debt for fraud should be excised from the total award merely because the state court judgment included damages that may have exceeded the out-of-pocket loss caused by the debtors' fraud and tortious conduct. We hold that, no matter how the state court determined the measure of damages for the debtors' liability for fraud, that determination was the full extent of the debtors' liability, which is the nondischargeable debt.[6]

The debtors' liability for fraud was "actually litigated" and was "necessary" to the state court judgment. The actual fraud found was the identical fraud required for § 523(a)(4), *i.e.*, actual fraud. *Berry*, 174 B.R. at 453. The court also determined that the debtors' conduct met the requirements for willful and malicious injury under § 523(a)(6). Therefore, the requirements for collateral estoppel were met. The debtors have failed to raise a factual issue concerning the damages determined by the state court, nor have they successfully raised a legal basis for barring preclusion.

---

6. The bankruptcy court made a wise observation at the hearing on the motion for summary judgment when it stated, in effect, that if it were not to apply collateral estoppel, its own calculation of the damages would require the application of state law. State law, in turn, would allow the court to give the appellee the benefit-of-the-bargain amount.

### B. Rooker–Feldman Doctrine

 Based on the foregoing analysis, we also agree with the appellee that the bankruptcy court would be prohibited from redetermining the amount of damages for fraud by application of the *Rooker–Feldman* doctrine. The bankruptcy court's exclusive jurisdiction to determine the dischargeability of the debt is distinguishable from its jurisdiction to determine the amount of such debt. Under the *Rooker–Feldman* doctrine, a federal court cannot exercise jurisdiction over a collateral attack on a state court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Lambert v. Central Bank of Oakland,* 85 F.2d 954, 958 (9th Cir.1936), *cert. denied,* 300 U.S. 658, 57 S.Ct. 437, 81 L.Ed. 867 (1937). The doctrine applies even when a state court judgment may be in error. *Audre,* 216 B.R. at 29.

While the debtors emphasize the dichotomy between federal and state jurisdiction to champion their argument, they fail to give full faith and credit to the state court.

### CONCLUSION

The appellee provided a record of the state trial court and appellate court proceedings, findings and judgments. The state court determined that the amount of damages for the debtors' fiduciary fraud was $619,018. That is the debt which represents the debtors' liability for the appellee's claim. The bankruptcy court properly applied collateral estoppel to determine the debt to be nondischargeable. The debtors have failed to provide any legal authority for requiring a new trial on the fraud damages. In addition, they have failed to present any facts which would create a genuine issue for trial. Accordingly, the bankruptcy court's summary judgment of nondischargeability is AFFIRMED.

BRANDT, Bankruptcy Judge, concurring.

We need go no further than *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (not cited by either party) to dispose of this appeal: the Supreme Court there construed "debt" in the 11 U.S.C. § 523(a) subsections rendering "debt ... for ____" nondischargeable to mean the entire debt arising from the specified conduct in state law. Subsections 523(a)(4) and (6) are so constructed; likewise § 523(a)(1), (8), (9), (12), (13), (16), and (17).

Appellants' entire liability at state law is predicated on fraud, breach of fiduciary duty, and willful and malicious injury; it therefore is nondischargeable.