[Civ. No. 2773. Fifth Dist. Mar. 31, 1977.]

SHIRLEY LOUISE OVERGAARD et al.,
Plaintiffs and Respondents, v.
BRUCE B. JOHNSON et al., Defendants and Appellants.

822

### COUNSEL

Crossland, Crossland, Caswell & Bell and Paul T. Chambers for Defendants and Appellants.

Stutsman & Nagel and Gerald W. Stutsman for Plaintiffs and Respondents.

### OPINION

**HOPPER, J.**—Appellant Flaming, a real estate salesman employed by appellant Johnson, a real estate broker, negligently failed to notify the

Donnys, buyers of farm property in Madera that the property being purchased from the respondents Overgaard contained less vineyard acreage than that stated in the sales documents. The buyers subsequently recovered damages in the sum of $29,000 from respondent Overgaard, the sum apparently being the difference between the sales price and the market price of the property being sold. Respondent in this case sued the appellants for negligence seeking the entire $29,000 plus attorney fees and costs incurred in the Donny/Overgaard suit. The trial judge found appellants to have been negligent and awarded damages in the amount sought. The facts are not contested. Appellants concede that the trial court did not err in the finding of negligence, but contend that damages should be limited to attorney fees and costs incurred in the Donny/Overgaard suit. █ The trial judge determined the measure of damages to be the benefit of the bargain. Both parties agree that the proper measure of damages is Civil Code section 3333, but disagree as to what measure of damages is provided by that code section.[1]

Part of the difficulty in analysis of the law in this type of case arises out of a veritable gallimaufry of confusing rules gleaned from different types of actions. Some of these cases are based on contract, others on fraud (actual or constructive) and still others on unjust enrichment (disgorging of secret profits). The rules of these cases are then misinterpreted or applied to inappropriate fact situations. As hereinafter discussed the Use Note to BAJI No. 12.57 contributes to the disarray. We often look upon the out of pocket rule and the benefit of the bargain rule as being the sole antagonists on the battlefield of damages when at times neither is truly applicable. Consequently, it is easily understood how a trial judge could use an incorrect measure of damages.

To avoid confusion, it may be useful to define the two terms. "Benefit of the bargain" is the difference between the actual value of what plaintiff has received and that which he expected to receive. "Out of pocket" is the difference between the actual value received and the actual value conveyed. (See BAJI Nos. 12.56 and 12.57 (5th ed. 1975 pocket pt.) pp. 128-131.)

The statutes and cases set forth certain fundamental propositions. Civil Code section 3333 does *not* set forth any benefit of the bargain rule. That

---

[1]Civil Code section 3333 provides: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

section simply sets out the measure of damages long recognized in torts, namely, to compensate a plaintiff for a loss sustained rather than give him the benefit of any contract bargain (see Prosser, Law of Torts (4th ed. 1971) § 110).

The concept behind Civil Code section 3333 is to make the successful plaintiff whole. On the other hand, Civil Code section 3300 sets out the contract rule.[2]

Contrary to a number of cases, including several relied on by respondent, the measure of damages in Civil Code section 3333 and Civil Code section 3300 is *not* the same (although in a given factual situation the result may be the same).

Thus, the court in *Pepitone* v. *Russo* (1976) 64 Cal.App.3d 685, 688-689 [134 Cal.Rptr. 709] says: "California law is committed to the view that the fraudulent breach of fiduciary duty is a tort, and the faithless fiduciary is obligated to make good the full amount of the loss of which his breach of faith is a cause (*Prince* v. *Harting* (1960) 177 Cal.App.2d 720, 729-730 [2 Cal.Rptr. 545]; *Walsh* v. *Hooker & Fay* (1963) 212 Cal.App.2d 450, 461 [28 Cal.Rptr. 16]). In accordance with this general principle, the cases hold that while the fraudulent property transactions between a vendor and vendee are governed by the special 'out-of-pocket-loss' rule espoused in section 3343 (*Bagdasarian* v. *Gragnon* (1948) 31 Cal.2d 744 [192 P.2d 935]; *Garrett* v. *Perry* (1959) 53 Cal.2d 178 [346 P.2d 758]), *where,* as here, *the defrauding party stands in a fiduciary relationship to the victim of fraud, the damages must be measured pursuant to the broad provisions of sections 3333 and 1709 regulating compensation for torts in general* (*Walsh* v. *Hooker & Fay, supra,* at pp. 458-459; *Simone* v. *McKee* (1956) 142 Cal.App.2d 307, 315 [298 P.2d 667]; see also *Pepper* v. *Underwood* (1975) 48 Cal.App.3d 698, 707 [122 Cal.Rptr. 343]; *Ford* v. *Cournale, supra*). The cases amplify that the measure of damages provided by the foregoing sections is substantially the same as that for breach of contract prescribed by section 3300; i.e., it tends to *give the injured party the benefit of his bargain and insofar as possible to place him in the same position he would have been had the promisor performed* the contract (*Northwestern Title Security Co.* v. *Flack* (1970) 6 Cal.App.3d

---

[2]Civil Code section 3300 provides: "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."

134, 146 [85 Cal.Rptr. 693]; *Ruzanoff* v. *Retailers Credit Assn.* (1929) 97 Cal.App. 682, 687 [276 P. 156]; see also *McDonnell* v. *American Leduc Petroleums,. Ltd.* (2d Cir. 1972) 456 F.2d 1170, 1183; *Wickman* v. *Opper* (1961) 188 Cal.App.2d 129, 132 [10 Cal.Rptr. 291]).".

In *Northwestern Title Security Co.* v. *Flack, supra,* 6 Cal.App.3d 134, the court made the same type of statement citing the inaccurate language of *Ruzanoff* v. *Retailers Credit Assn., supra,* 97 Cal.App. 682, 687. The court goes on to say at page 146: ". . . where a defendant's undertaking is limited to exercising due care in making a report such as that in the instant case, the damages proximately resulting from a failure to exercise such care must be measured by the actual loss suffered." That is a correct statement of the measure of damages under Civil Code section 3333, but as is the situation in many other cases, such a statement does *not* enunciate a benefit of the bargain rule.

In *Walsh* v. *Hooker & Fay, supra,* 212 Cal.App.2d 450, plaintiff was induced to buy stock in a small oil and gas company by false representations from defendant, his broker, that the company had strong backing and was drilling in California, and that defendant owned some of the stock himself. The stock subsequently declined drastically in value. Under the out of pocket standard, plaintiff's damages would be nil, since he purchased the stock at the market price. The court held that in the case of fraud by a fiduciary, that the "broader provisions" of section 3333 apply, and awarded damages based on the difference between the value of the stock at time of purchase, and the value of the stock at the time the fraud was discovered. This, however, is not a benefit of the bargain standard, which would have been arrived at by attempting to determine how much the stock would have been worth had the representations of the broker actually been correct and comparing it with the actual value of the stock. Rather, the court is comparing actual value at time of purchase with actual value at the time of discovery of the fraud.

*Simone* v. *McKee, supra,* 142 Cal.App.2d 307, involved fraud by a fiduciary and the court ordered a disgorging of secret profits. No benefit of the bargain rule was announced or followed. See also *Prince* v. *Harting, supra,* 177 Cal.App.2d 720 (secret profits).

*Pepper* v. *Underwood, supra,* 48 Cal.App.3d 698 states that Civil Code section 3333 sets forth a benefit of the bargain standard. However, it also

relies on BAJI No. 12.57 and on the *Walsh* and *Simone* cases which do *not* so hold.[3]

Similar cases applying Civil Code section 3333 without making benefit of the bargain the measure of damages are: *Boyd* v. *Bevilacqua* (1966) 247 Cal.App.2d 272 [55 Cal.Rptr. 610] and *Greenfield* v. *Insurance, Inc.* (1971) 19 Cal.App.3d 803 [97 Cal.Rptr. 164].

The court in *McDonnell* v. *American Leduc Petroleums, Ltd., supra,* 456 F.2d 1170 also asserts that California follows a benefit of the bargain rule. However, at page 1183, the court then defined the terms as: " ' . . . the amount which will compensate for all the detriment proximately caused [by the defendant's breach of an obligation other than contract] whether it could have been anticipated or not.' " Clearly that is *not* a benefit of the bargain.

Respondent further argues that negligent misrepresentation by a fiduciary constitutes constructive fraud under Civil Code section 1573 and that a benefit of the bargain rule applies to constructive fraud under *Walsh* v. *Hooker & Fay, supra,* 212 Cal.App.2d 450. As repeatedly stated herein, *Walsh* does not so hold. Additionally, *Schoenberg* v. *Romike Properties* (1967) 251 Cal.App.2d 154 [59 Cal.Rptr. 359] cited by respondent appears inapplicable. There, *unlike* the instant case, the negligent misrepresentation was made to the principal and not to the buyer. Furthermore, respondent's pleadings made no reference to constructive fraud, nor did the findings of fact or conclusions of law. The entire case was tried upon a theory of negligence. ■ A party may not for the first time on appeal change the theory of the cause of action, and issues not raised in the trial court cannot be raised for the first time on appeal. (*Estate of Westerman* (1968) 68 Cal.2d 267, 279 [66 Cal.Rptr. 29, 437 P.2d 517].)

---

[3]BAJI No. 12.57 on fraud and deceit provides in part: "The amount of such award shall be the difference between the actual value of that which the plaintiff received and the value which it would have had if the fraudulent representation had been true. This is sometimes referred to as the 'benefit of the bargain.' "

The Use Note provides: "This instruction applies only to fraudulently induced transactions other than the purchase, sale or exchange of property, real or personal (Gagne v. Bertran, 43 Cal.2d 481, 275 P.2d 15; Roberts v. Karr, 178 Cal.App.2d 535, 3 Cal.Rptr. 98) and to fraud in the purchase, sale or exchange of property, real or personal, where the defrauding party stands in a fiduciary relationship to the defrauded party. (Walsh v. Hooker & Fay, 212 Cal.App.2d 450, 28 Cal.Rptr. 16; Simone v. McKee, 142 Cal.App.2d 307, 298 P.2d 667."

We do not quarrel with the definition. We do question its applicability since *Walsh* and *Simone* do not stand for the proposition asserted.

*Gagne* v. *Bertran, supra,* 43 Cal.2d 481 is controlling in this case. In *Gagne,* the plaintiffs, contemplating the purchase of two lots, hired defendant to test the soil to determine the amount of fill on the property. Defendant negligently misrepresented the amount of fill on the lots, as a result of which plaintiffs bought the lots and incurred a higher than expected cost in constructing a building on the premises. The trial court measured the amount of damages by the difference between the actual cost of construction and what it would have cost if defendant's misrepresentations had been correct. The Supreme Court rejected this, stating at pages 490-491:

". . . the damages, whether for deceit or negligence, must be measured by the actual losses suffered because of the misrepresentation. (Civ. Code, §§ 1709, 3333; see also *Edward Barron Estate Co.* v. *Woodruff Co.,* 163 Cal. 561, 577-578 [126 P. 351, 42 L.R.A.N.S. 125]; McCormick on Damages [1935] p. 449.)

"In reliance on defendant's information plaintiffs purchased the property. If the property was worth less than they paid for it, defendant is liable for the difference. On the other hand, if the lots were worth what plaintiffs paid for them, plaintiffs were not damaged by their purchase, for even though they would not have bought the lots had they known the truth, they nevertheless received property as valuable as that with which they parted."

As an intermediate appellate court, we are bound by *Gagne* and subsequent declarations of our Supreme Court. (*Auto Equity Sales* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

We are aware of the oft-quoted statement of *Ward* v. *Taggart* (1959) 51 Cal.2d 736 at page 741 [336 P.2d 534] referring to cases where Civil Code section 3343[4] did not apply: "These cases all involved situations in which the defendant was the agent of the defrauded person or in which a confidential or fiduciary relationship existed between the parties." That does not set a benefit of the bargain standard, but only means Civil Code section 3333 applies.

---

[4]That section established for damages arising from fraud an out of pocket rule subject to a number of modifications by the 1971 amendment. (See *Coleman* v. *Ladd Ford Company* (1963) 215 Cal.App.2d 90 [29 Cal.Rptr. 832], using a benefit of the bargain measure in interpreting Civil Code section 3343. See also Annot., "Out of Pocket" or "Benefit of Bargain" as Proper Rule of Damages for Fraudulent Representations Inducing Contract for the Transfer of Property (1967) 13 A.L.R.3d 875.)

Our attention has not been called to a single case subsequent to *Gagne* in which a "benefit of the bargain" measure of damages was upheld under Civil Code section 3333 save and except the Court of Appeal cases herein distinguished. Consequently, under the compulsion of *Gagne* we reverse the judgment solely on the issue of damages.

A reconsideration by the Supreme Court of the problem of *Gagne* (or a clarification of our view thereof) as applied to the appropriate measure of damages when a fiduciary such as a real estate broker negligently breaches his fiduciary duty would be helpful in bringing some order out of the present chaos. We believe that the trial judge should have flexibility in the measure of damages so that in certain cases, such as the instant case, what amounts to the benefit of the bargain measure can properly be applied in the sound discretion of the trial judge. The present rule appears inequitable in this case on several grounds. The rule fails to consider that land is unique. This is particularly important to persons such as the respondent who did not want to sell his land for less than $250,000. Additionally, in one sense the rule rewards negligence. It is an anomaly that a negligent broker has no more to lose than the amount which he gains by his negligent actions. Furthermore, it has been a real "loss" as far as the respondent is concerned.

The logic of an argument that holds respondent never really "lost" the $29,000 is very difficult, if not impossible, to explain to a seller of property who would not have sold at all for less than his price.

In reversing the judgment and returning the matter for retrial on the issue of damages, we believe that the trial court should consider in assessing damages the following:

1. The amount of attorney fees and costs incurred in the Donny/Overgaard suit. (This is conceded by appellant.)

2. The amount of the brokerage fees on the $29,000.

Appellants also urge that respondents should be collaterally estopped by the judgment in the action between respondents and the Donnys from asserting that the fair market value of the property at the time of sale was other than $221,000. Because of its determination that respondents were entitled to the benefit of their bargain, the trial court did not find it

necessary to rule on this question. The record on appeal is inadequate for us to consider the matter. It may best be determined by the trial court at the retrial on the issue of damages.

The judgment is reversed and the matter is remanded for retrial on the issue of damages.

Brown (G. A.), P. J., and Franson, J., concurred.