**Randy AUBLE, Plaintiff,**

v.

**PACIFIC GAS & ELECTRIC COMPANY, Defendant.**

**No. C98–20273 EAI.**

United States District Court,
N.D. California,
San Jose Division.

April 28, 1999.

Joseph A. Scanlan, Jr., David I. Kornbluh, Miller, Morton, Caillat & Nevis, San Jose, CA, for plaintiff.

Iathan T. Annand, Michael D. Whelan, Maureen L. Fries, Pacific Gas & Electric Co. Law Department, San Jose, CA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY ADJUDICATION THAT PLAINTIFF IS NOT ENTITLED TO EXPECTANCY DAMAGES

INFANTE, United States Magistrate Judge.

### I. INTRODUCTION

Defendant Pacific Gas & Electric Company ("PG & E") moves for partial summary adjudication that Plaintiff Randy Auble is entitled only to reliance damages on his claims for fraud and violation of California Labor Code § 970, pursuant to Rule 54(b), Fed.R.Civ.P. Plaintiff opposes the motion. For the reasons set forth below, Defendant's motion for partial summary judgment is GRANTED.

### II. BACKGROUND

On February 10, 1998, plaintiff Auble filed a complaint against defendant PG & E alleging claims for violation of California Labor Code § 970, fraud and promissory estoppel. Defendant PG & E removed this action to federal court, alleging that plaintiff's promissory estoppel claim is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). On April 8, 1998, plaintiff filed a motion to remand this case back to state court, contending that his complaint did not state any grounds for federal jurisdiction. In an order filed June 15, 1998, Judge Fogel denied the motion to remand, holding that any claims, including at least plaintiff's promissory estoppel claim, seeking to enforce PG & E's prior promises to bridge plaintiff's seniority are preempted by section 301 of the Labor Management Relations Act. *See* Order Denying Motion to Remand. Following a settlement conference in this case, the parties consented to trial and the entry of judgment by the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

The events underlying this action are not in dispute for the purposes of this

motion. Plaintiff was employed by PG & E from 1979 through 1995 and again from February 1997 through the present. In April 1995, plaintiff agreed to a voluntary lay-off after he learned that his position would be eliminated. Plaintiff accepted a position with another utility and relocated to Oregon.

In early 1996, plaintiff was offered a lineman position with PG & E, which he declined. In December 1996, PG & E advertised for a lineman position. This time, plaintiff contacted PG & E and was told that the defendant was interested in hiring him as a lineman in Coalinga, California. Plaintiff inquired whether his previous seniority with PG & E would be bridged if he accepted the Coalinga position. An employee of PG & E researched plaintiff's question, and erroneously told him that all seniority would be bridged if he accepted the lineman position in Coalinga.[1] Prior to accepting the position, plaintiff also asked the manager of the Coalinga facility, Ray Beasla, if he would be able to bridge his seniority. Mr. Beasla confirmed that plaintiff's seniority would bridge.

In February 1997, plaintiff resigned his position in Oregon and moved to Coalinga, California for the PG & E lineman position. Since plaintiff was the most senior lineman at Coalinga, he received all benefits thereof, including field promotions and assignments based on seniority, and had preference for overtime work.

The terms and conditions of plaintiff's present employment are governed by a collective bargaining agreement ("CBA") between PG & E and I.B.E.W., Local 1245 ("Local 1245"). Under the terms of the PG & E–Local 1245 CBA, laid-off employees have preferential re-hire rights, but are considered terminated and lose this preference if they refuse a re-hire offer.

Approximately three months after plaintiff relocated, PG & E informed him that its previous interpretation of the CBA was erroneous, and that he was not entitled to bridge his seniority because of his refusal of the 1996 re-hire offer. PG & E requested that Local 1245 enter into a Letter Agreement to bridge plaintiff's seniority despite the provision in the CBA. Local 1245 agreed to the request for all purposes except for demotion, promotion, transfers and layoff. Since plaintiff is not entitled to have his seniority bridged, he became the most junior lineman and the first person to be terminated should PG & E experience any workforce reductions.

Plaintiff alleges that PG & E either knowingly or recklessly misrepresented his ability to bridge his seniority, while PG & E contends that it simply made a mistake in interpreting the CBA.

Defendant now moves for partial summary adjudication that plaintiff is entitled only to damages proximately caused by his reliance on PG & E's allegedly fraudulent promise that his seniority would bridge on his tort claims for fraud and violation of Labor Code section 970. Defendant contends that plaintiff is not entitled to recover "expectancy" or "benefit of the bargain" damages, i.e., what he would have received had PG & E's representations about bridging his seniority had been true. Plaintiff opposes the motion, contending under California law he is entitled to recover out-of-pocket damages in addition to benefit of the bargain damages on these two claims.

## III. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

---

1. The collective bargaining agreement governing plaintiff's employment provides that seniority may be bridged if an employee's absence from work is caused by a layoff for lack of work, so long as the employee has been absent less than thirty continuous months. Decl. Maureen Fries, Exh. E. However, an employee who refuses a re-hire offer is deemed "terminated" and loses any right to bridge his or her service. Plaintiff does not dispute this interpretation of the collective bargaining agreement.

and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. No disputes of fact exist for purposes of the present motion, and disposition by means of summary judgment is proper.

## IV. DISCUSSION

### A. Fraud Damages

■ Defendant contends that California law authorizes only plaintiff's out-of-pocket damages as damages for the alleged fraud.[2] Plaintiff, citing to language in *Lazar v. Superior Court,* 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996), argues that under California law, he is entitled to "benefit of the bargain" or expectancy damages, the type of damages traditionally recoverable in contract actions.

■ Defendant is correct. In California, in the absence of a fiduciary relationship,[3] recovery for the tort of fraud is limited to the actual, out-of-pocket damages suffered by the plaintiff. *See Ward v. Taggart,* 51 Cal.2d 736, 741, 336 P.2d 534 (1959); *Dean W. Knight & Sons, Inc. v. First Western Bank & Trust Co.,* 84 Cal.App.3d 560, 568, 148 Cal.Rptr. 767 (1978); *Eckert Cold Storage, Inc. v. Behl,* 943 F.Supp. 1230, 1234 (E.D.Cal.1996). Out-of-pocket damages are "directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction." *Alliance Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1240, 44 Cal. Rptr.2d 352, 900 P.2d 601 (1995).

Section 3333 of the California Civil Code codifies the type of damages available in an action for fraud: "[f]or breach of an obligation not arising from contract, the measure of damages except where otherwise expressly provided by this code, is the amount which will compensate for all damages *proximately caused* thereby, whether it could have been anticipated or not." Cal.Civ.Code § 3333 (emphasis added). Therefore, the damages must be measured by the actual losses suffered because of the misrepresentation. *See State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.,* 9 Cal.App.3d 508, 528, 88 Cal.Rptr. 246 (1970); *Gagne v. Bertran,* 43 Cal.2d 481, 490, 275 P.2d 15 (1954); *Overgaard v. Johnson,* 68 Cal.App.3d 821, 137 Cal.Rptr. 412 (1977) ("[Civil Code section 3333] simply sets out the measure of damages long recognized in torts, namely, to compensate a plaintiff for a loss sustained rather than give him the benefit of any contract bargains"); *Eckert,* 943 F.Supp. at 1234 ("plaintiffs' recovery must be limited to the losses proximately caused by [the defendant's] alleged misrepresentations: the damages awarded should place plaintiffs in the position they would have occupied had the misrepresentations not occurred").

Contrary to plaintiff's assertions, *Lazar* does not teach otherwise. In *Lazar,* the plaintiff alleged that he was induced to relocate from New York to California and leave a secure job as head of the family company where he had worked all his life, based on defendant's verbal representations of continued employment, the defendant's financial position, and pay raises, all of which were false. Two years later, plaintiff was terminated and was unable to find comparable employment either in California or New York, where his contacts had "dried up." *Lazar,* 12 Cal.4th at 637, 49 Cal.Rptr.2d 377, 909 P.2d 981.

*Lazar* contended he was entitled to pursue causes of action for fraud in addition to claims of breach of employment contract and violation of Labor Code § 970. The defendant argued that, under the Supreme

---

**2.** The elements of a cause of action for fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damage. *Lazar v. Superior Court of Los Angeles,* 12 Cal.4th 631, 638, 49 Cal. Rptr.2d 377, 909 P.2d 981 (1996). The court

makes no finding in the present Order as to whether plaintiff Auble has established all the elements of fraud.

**3.** In the present action, plaintiff does not contend that PG & E owed him a fiduciary duty.

Court's holding in *Hunter v. Up–Right, Inc.*, 6 Cal.4th 1174, 26 Cal.Rptr.2d 8, 864 P.2d 88 (1993), terminated employees such as Lazar should be limited to contract damages.

The California Supreme Court held that, under the circumstances of that case, plaintiff was entitled to pursue tort damages under a fraud theory, as well as benefit of the bargain damages under his breach of contract claim. *Id.* at 646, 49 Cal.Rptr.2d 377, 909 P.2d 981.

Plaintiff disputes this understanding of *Lazar*, emphasizing the following language found at page 646 of the opinion:

Because of the extra measure of blameworthiness inhering in fraud, and because in fraud cases we are not concerned for the need for predictability about the cost of contractual relationships, *fraud plaintiffs may recover out-of-pocket damages in addition to benefit-of-the-bargain damages.*

*Lazar*, 12 Cal.4th at 646, 49 Cal.Rptr.2d 377, 909 P.2d 981 (emphasis added). While it is true that, taken out of context, this language could reasonably be construed as meaning that fraud plaintiffs are generally entitled to recover expectation damages, when viewed in context, the phrase "in addition to benefit-of-the-bargain damages" refers to contract damages that were indisputably available to Lazar pursuant to his claim for breach of contract. The above-cited sentence simply serves to underscore the California Supreme Court's holding that Lazar did not lose his claim for tort damages simply because his claim arose in the employment context.

Plaintiff's reliance on *Beals v. Kiewit Pacific Inc.*, 114 F.3d 892 (9th Cir.1997), for the proposition that he should be entitled to recover benefit of the bargain damages, is also misplaced. First, the measure of damages in *Beals* was governed by Hawaii and not California law. Second, the *Beals* court never decided the issue of damages available under a fraud cause of action.

In any event, even if California law did in fact provide for benefit of the bargain damages flowing from PG & E's statements that plaintiff's seniority would bridge, plaintiff's claim for benefit of the bargain damages, as opposed to reliance damages, would be preempted by the Labor Management Relations Act. While plaintiff asserts that "damages recoverable under *causes of action* for violation of Labor Code § 970 and fraud are not preempted," Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment, at 11: 7–9 (emphasis added), he fails to appreciate that, as Judge Fogel explained in his Order Denying Motion to Remand, "any claims" seeking to enforce PG & E's prior promises to bridge plaintiff's seniority are preempted by section 301 of the Labor Management Relations Act. Order Denying Motion to Remand at 5 (citing *Beals*, 114 F.3d at 894). Resolution of *claims* that are substantially dependent upon an analysis of the terms of the CBA, or that require the plaintiff to show that the terms of their CBA differed significantly from independent employment-related promises, are preempted. *See Beals*, 114 F.3d at 895. Just as plaintiff's claim for damages under his promissory estoppel theory, which damages arose from PG & E's failure to perform its promise, was preempted for this reason, so is plaintiff's claim for fraud damages *to the extent that* the fraud cause of action seeks expectancy damages arising from PG & E's failure to perform its promise. Such claim would require plaintiff to show that the terms of his CBA differed significantly from the promises concerning briged seniority made by PG & E.

## B. Damages Available Under Labor Code § 970

California Labor Code section 970 prevents employers from inducing employees to move to, from, or within California by knowingly misrepresenting the nature, length or physical conditions of employ-

ment. *See* Cal.Lab.Code § 970; *Tyco Industries, Inc. v. Superior Court,* 164 Cal. App.3d 148, 155, 211 Cal.Rptr. 540 (1985). Labor Code section 972 provides that "any person or agent or officer thereof who violates any provision of section 970 is liable to the party aggrieved, in a civil action, for double damages resulting from such misrepresentations." Cal.Lab.Code § 972.

Plaintiff contends that the holding in *Finch v. Brenda Raceway Corp.,* 22 Cal. App.4th 547, 27 Cal.Rptr.2d 531 (1994) confirms that he is entitled to expectancy damages under Labor Code section 970. *Finch* concerns legally inconsistent verdicts as to damages arising from causes of action for violation of section 970, negligent misrepresentation, and breach of contract. Specifically, the *Finch* court held that the plaintiff was "entitled to only a single recovery for each item or element comprising her damages," rather than cumulative sums stemming from the violation of section 970, the negligent misrepresentation, and the breach of contract. 22 Cal.App.4th at 555–56, 27 Cal.Rptr.2d 531. The court made this ruling because the the identical course of conduct underlied all three claims, rendering the separate awards redundant. *Id.* at 555, 27 Cal. Rptr.2d 531. Moreover, *Finch* holds that, at least where damages all flow from the same misrepresentation, section 970 does not give rise to discrete damages additional to the damages for misrepresentation, but rather operates to double a plaintiff's actual damages arising from the misrepresentation. *Id.* The rule in *Finch* authorizes a jury to double the actual damages suffered as a consequence of fraud; it does not set forth that damages for a violation of section 970 include benefit of the bargain damages.

Regardless, as explained in section IV(a), *supra,* any claim for expectation damages—whether under a common law fraud theory or a section 970 theory—is preempted by the Labor Management Relations Act because such a claim would require plaintiff to show that the terms of his CBA differed significantly from the promises concerning briged seniority made by PG & E.

## CONCLUSION

For the reasons set forth above, defendant's Motion for Partial Summary Judgment (docket no. 28) is GRANTED. Any damages awarded pursuant to plaintiff's fraud cause of action should place plaintiff in the position he would have occupied had the misrepresentations not occurred. To the extent such damages are shown, plaintiff may be entitled to have them doubled pursuant to California Labor Code section 972.

IT IS SO ORDERED.