[No. F029415. Fifth Dist. July 23, 2001.]

DOUGLAS F. HENSLEY, Plaintiff and Appellant.
PATRICIA E. McSWEENEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1 and 3.

COUNSEL

Michael Linn for Plaintiff and Appellant.

Askew & Archbold, James A. Askew and Richard M. Archbold for Defendant and Appellant.

OPINION

CORNELL, J.—Douglas F. Hensley (Hensley) obtained a judgment in the amount of $130,000 against Patricia E. McSweeney, doing business as Wyndfair Properties (McSweeney). On appeal, Hensley contends: (1) the trial court incorrectly construed the special verdicts and the correct amount of the judgment should be $185,000; and (2) he is entitled to additional prejudgment interest. In her cross-appeal, McSweeney asserts the judgment

should be reversed on the basis of instructional error, ambiguous special verdicts, and misconduct by Hensley's trial attorney. We conclude that instructional error warrants reversal of the judgment.

PROCEDURAL AND FACTUAL SUMMARY

On November 1, 1994, Hensley and Epifanio and Josefa Vargas (collectively Vargas) entered into a real estate purchase contract and receipt for deposit in which Vargas agreed to sell to Hensley real property located on North McCullough Road in Merced County. The standard form contract did not list any broker or agent as representing either party to the contract.

An addendum to the contract specified, inter alia, that Hensley was to bring current various obligations owed by Vargas and secured by the real property. Pursuant to the terms of the contract, Hensley issued several checks payable to Vargas in the total amount of $8,950, a cashier's check payable to Transamerica in the amount of $7,740, and two cashier's checks in the total amount of $10,625 to Wyndfair Properties, as the escrow holder.

At some point, the holder of the first deed of trust against the real property noticed a nonjudicial foreclosure sale. By this time, Hensley was no longer interested in purchasing the real property, nor did he have the funds to purchase the real property at the foreclosure sale. McSweeney and Hensley talked; Hensley testified that he was interested in the return of the $10,650 being held by McSweeney as the escrow agent. Although McSweeney never indicated she would buy the property for him at the foreclosure sale, Hensley thought McSweeney was attending the sale on his behalf.

McSweeney attended the foreclosure sale and purchased the property with her own funds, after which she in turn offered to sell the property to Hensley. He never accepted the offer of sale. McSweeney never returned the $10,650 to Hensley, as Vargas never signed a release to enable her to do so. McSweeney continued to hold the funds in a trust account.

On July 17, 1996, Hensley filed a complaint against McSweeney, doing business as Wyndfair Properties, and Vargas, alleging: (1) breach of contract; (2) fraud and deceit; (3) negligent misrepresentation; (4) unjust enrichment; (5) money had and received; and (6) rescission. McSweeney's answer to the complaint, denying the allegations, was filed September 26, 1997. The complaint alleged that McSweeney acted as the escrow agent for the transaction. It further was alleged that prior to the trustee's foreclosure sale at which McSweeney bought the property, Hensley had notified McSweeney that he no longer was interested in purchasing the property.

Six weeks prior to the start of trial, the court permitted McSweeney's attorneys to withdraw. The case thereafter was tried before a jury, with McSweeney appearing in propria persona and Hensley represented by counsel. The case was submitted to the jury on the theories of breach of fiduciary duty (fraud by concealment), fraud by nondisclosure, fraud by intentional misrepresentation, and false promise. The trial court permitted Hensley to assert the claim for false promise on the basis that it was encompassed by the fraud pleadings.

On June 18, 1997, the jury returned special verdicts finding McSweeney liable for breach of fiduciary duty in the amount of $30,000, fraud by intentional misrepresentation in the amount of $30,000, and fraud by false promise in the amount of $25,000. The jury also found that McSweeney should be held liable for punitive damages in the amount of $100,000.

Judgment was entered on September 17, 1997, in the amount of $130,000, comprised of $30,000 as compensatory damages and $100,000 as punitive damages. McSweeney's motion to tax costs was thereafter granted in part and the sum of $5,331.74, which included prejudgment interest, was awarded as costs. Hensley's motion for an award of attorney fees was denied.

Hensley filed a notice of appeal on October 21, 1997. McSweeney filed a chapter 11 bankruptcy petition on October 22, 1997. McSweeney's cross-appeal was filed November 5, 1997. On July 17, 1998, the bankruptcy court vacated the title 11 United States Code section 362(a) automatic stay and permitted the appeal and cross-appeal to proceed; however, the bankruptcy court prohibited the enforcement of any judgment that may issue as a result of the appeal without further order of the bankruptcy court.

Thereafter, McSweeney's chapter 11 case was converted to a chapter 7 bankruptcy case. On March 21, 2001, the bankruptcy court issued an order approving the abandonment back to McSweeney of any interest the chapter 7 trustee had in the appeal or cross-appeal.

DISCUSSION

1.  *Fiduciary Duty**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

2.  *Measure of Damages*

McSweeney asserts the instructions on the measure of damages were erroneous in that the trial court should not have: (1) instructed the jury on

*See footnote, *ante*, page 1081.

the benefit of the bargain measure of damages; or (2) allowed the jury to decide whether to apply the out-of-pocket or benefit of the bargain measure of damages as to each cause of action. Hensley contends that McSweeney consented to giving both out-of-pocket and benefit of the bargain measure of damages instructions and that she was not prejudiced by the trial court's instruction permitting the jury to determine which measure of damages to apply. Although Hensley asserts in passing that McSweeney waived any objection to the damage instructions, in our view, the record does not support this contention. Hence, we address the merits of the issue.

Hensley asserted in his complaint both fiduciary and nonfiduciary causes of action. The breach of fiduciary duty and nonfiduciary fraud causes of action were submitted to the jury for a determination of liability and calculation of damages. The trial court instructed the jury with BAJI No. 12.56, which sets forth the out-of-pocket damages rule, and BAJI No. 12.57, which defines the benefit of the bargain damages rule. ■ In fraud cases involving the purchase, sale, or exchange of property, as here, the out-of-pocket measure of damages applies as set forth in Civil Code section 3343. (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1240 [44 Cal.Rptr.2d 352, 900 P.2d 601].) When the tort involves a fiduciary's negligent misrepresentation, the out-of-pocket measure of damages is still the applicable standard. (*Id.* at pp. 1249-1250.) *Alliance* did not decide the measure of damages for intentional fraud by a fiduciary. (*Ibid.*)

■ This court, however, has issued at least two published opinions to the effect that the measure of damages for fraud by a fiduciary is out-of-pocket damages, not the benefit of the bargain computation normally applicable to contract causes of action. (*Christiansen v. Roddy* (1986) 186 Cal.App.3d 780, 790 [231 Cal.Rptr. 72] [negligent misrepresentation by a fiduciary]; *Overgaard v. Johnson* (1977) 68 Cal.App.3d 821, 826-828 [137 Cal.Rptr. 412] [negligent misrepresentation by a fiduciary].) ■ "Fraud is an intentional tort; it is the element of fraudulent intent, or intent to deceive, that distinguishes it from actionable negligent misrepresentation and from nonactionable innocent misrepresentation. It is the element of intent which makes fraud actionable, irrespective of any contractual or fiduciary duty one party might owe to the other. [Citations.]" (*City of Atascadero v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 482 [80 Cal.Rptr.2d 329].)

The parties acknowledge that there is a split of authority among the appellate courts with respect to the measure of damages for intentional fraud by a fiduciary, and that the California Supreme Court has yet definitively to decide the issue. In *Overgaard*, however, this court specifically noted that it

questioned the applicability of BAJI No. 12.57 to instances where the defrauding party stands in a fiduciary capacity to the defrauded party, since the cases cited in the Use Note in BAJI do not support this proposition. (*Overgaard v. Johnson, supra,* 68 Cal.App.3d at p. 826 & fn. 3.)

Hensley cites two cases in support of his position, *Salahutdin v. Valley of California, Inc.* (1994) 24 Cal.App.4th 555 [29 Cal.Rptr.2d 463], and *Onofrio v. Rice* (1997) 55 Cal.App.4th 413 [64 Cal.Rptr.2d 74]. *Salahutdin* recognizes that there is a split of authority on the issue of whether the broader measure of damages normally applicable to contract actions should apply to fraud by a fiduciary. (*Salahutdin v. Valley of California, Inc., supra,* 24 Cal.App.4th at p. 566.) Although the court in *Salahutdin* applied the broader benefit of the bargain measure of damages, it acknowledged that the facts in *Salahutdin* were substantially similar to the *Overgaard* case in that both cases were tried on a negligence theory against the broker. (*Salahutdin v. Valley of California, Inc., supra,* 24 Cal.App.4th at p. 566 & fn. 8.) *Onofrio* applied the benefit of the bargain measure of damages to a statutory cause of action pursuant to Civil Code section 2945.6 against a foreclosure consultant. (*Onofrio v. Rice, supra,* 55 Cal.App.4th at p. 422.) Neither *Salahutdin* nor *Onofrio* is binding on this court.

In the absence of any contrary authority from the California Supreme Court, we decline to depart from our long-standing decision in *Overgaard,* or from the observations made there with respect to the application of BAJI No. 12.57. Therefore, we conclude that the appropriate measure of damages on the fiduciary tort actions is the out-of-pocket measure, not the benefit of the bargain measure.

The trial court's independent duty to instruct the jury correctly was not satisfied when the trial court erroneously instructed the jury with the benefit of the bargain measure of damages for tort causes of action. The instructional error present from the giving of both BAJI Nos. 12.56 and 12.57 is compounded in that the trial court crafted and submitted its own instruction permitting the jury to choose which method of computing damages should be applied to the fiduciary and nonfiduciary tort causes of action.

3. *Prejudice**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion, to the extent such proceedings may be

*See footnote, *ante,* page 1081.

conducted in state court in view of the bankruptcy court's July 17, 1998, order. Costs on appeal are awarded to McSweeney. By order dated March 30, 2000, this court deferred ruling on two motions pending resolution of the appeal and cross-appeal on the merits. Those motions, to "Strike Plaintiff, Respondent and Cross-Respondent's Request for Judicial Notice" and to "Strike Plaintiff, Appellant and Cross-Respondent's Argument in His Response/Reply Brief Regarding Prejudgment" are hereby denied.

Harris, Acting P. J., and Wiseman, J., concurred.

The petition of appellant Douglas F. Hensley for review by the Supreme Court was denied October 31, 2001. Kennard, J., Chin, J., and Brown, J., were of the opinion that the petition should be granted.