Filed 1/6/16  State Compensation Ins. Fund v. Urgent Nursing Resources CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>URGENT NURSING RESOURCES, INC.,<br><br>      Defendant and Respondent. | B258423<br><br>(Los Angeles County<br>Super. Ct. No. VC061989)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING (NO CHANGE IN JUDGMENT) |

THE COURT:

It is ordered that the opinion filed herein on December 17, 2015, be modified as follows:

On page 1, the first paragraph is deleted and the following paragraph is inserted in its place:

APPEAL from a judgment of the Superior Court of Los Angeles County.  Raul A. Sahagun, Judge.  Affirmed.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

CHANEY, Acting P. J.          JOHNSON, J.          LUI, J.

Filed 12/17/15  State Compensation Ins. Fund v. Urgent Nursing Resources CA2/1 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, | B258423 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC061989) |
| v. | |
| URGENT NURSING RESOURCES, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Raul A. Shogun, Judge.  Affirmed.

Betty R. Quarles and Isabel C. Lallana for Plaintiff and Appellant.

Law Offices of Bennett A. Spector and Bennett A. Spector for Defendant and Respondent.

_____

State Compensation Insurance Fund (State Fund) appeals from the trial court's judgment that Urgent Nursing Resources, Inc. (Urgent) does not owe it workers' compensation premiums for some of Urgent's nurses because the nurses were independent contractors, not employees. State Fund argues the nurses were Urgent's employees and Urgent is therefore statutorily liable for the premiums. We affirm.

## BACKGROUND

Urgent is a nursing registry. It provides hospitals with temporary nurses at hospitals' requests. After Urgent receives a hospital's request for a temporary nurse, it offers certain nurses in its registry, who have been preapproved by the hospital, the requested assignment. The nurses are free to reject the assignment without explanation or penalty. Once a nurse accepts an assignment, Urgent reviews with the nurse a checklist provided by the hospital of the assignment's duties. If the nurse can perform the duties, the nurse reports to the hospital. The nurse provides his or her own uniform, shoes, stethoscope, watch, and occasionally other small supplies (such as pens and pen lights) for the assignment, but does not provide any other equipment. After the hospital provides orientation, the nurse completes the assignment, usually a shift, under the supervision of hospital. Once the nurse completes the assignment, the hospital pays Urgent for the nurse's and Urgent's services. Urgent later distributes the nurse's portion of the payment to the nurse.

Urgent allows nurses in its registry to choose whether to be designated as an employee or independent contractor. To be classified as an independent contractor, Urgent requires, in part, that the nurses sign an independent contractor agreement and provide their own liability insurance. These nurses receive Internal Revenue Service forms 1099 (1099 Nurses). Of Urgent's nurses, 126 were 1099 Nurses. The remaining 18 signed contracts as employees and received Internal Revenue Service forms W-2 (W2 Nurses).

Urgent and the hospitals contracted for the 1099 and W2 Nurses' services without distinction. Under these contracts, Urgent agreed to provide workers' compensation insurance for its nurses. Urgent obtained workers' compensation insurance for the W2

2

Nurses only, not the 1099 Nurses, however.  Urgent provided the hospitals with general certificates of workers' compensation insurance that did not specify which nurses were covered.

Urgent was audited by State Fund at the end of 2007 and 2008.  State Fund determined Urgent owed it premiums for the 1099 Nurses.  Urgent disagreed and refused to pay.  State Fund sued Urgent for the premiums.  State Fund did not sue or join the hospitals.  The trial court held the 1099 Nurses were independent contractors and consequently Urgent did not owe State Fund for the 1099 Nurses' premiums.  State Fund appealed.

## DISCUSSION

On appeal, State Fund contends that Urgent owes it premiums for the 1099 Nurses because the 1099 Nurses were in fact Urgent's employees and not independent contractors.

At trial, the classification of a worker as an employee or independent contractor is a question of fact.  (*S. G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341, 349 (*Borello*).)  We review a fact-based decision for the sufficiency of the evidence under a substantial evidence test.  (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873–874.)  Substantial evidence is """"relevant evidence"""" that is "''reasonable in nature, credible, and of solid value''" such that """"a reasonable [person] might accept [it] as adequate to support a conclusion."""""  (*Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 134.)  Under the substantial evidence test, we give the prevailing party the benefit of every reasonable inference and resolve all conflicts in its favor.  (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1100.)  We consider only evidence favorable to the judgment and disregard contrary evidence.  (*In re Michael G.* (2012) 203 Cal.App.4th 580, 589.)  If substantial evidence supports the judgment, we must sustain the judgment even though we might have reached a different conclusion based on other substantial evidence.  (*Bowers*, at pp. 873–874.)

In a workers' compensation dispute, the reality of the parties' relationship controls, not the label contracted for by the parties. (*Borello*, *supra*, 48 Cal.3d at p. 349.) The relationship is determined according factors laid out in *Borello*, the most important of which is the ability to control the manner and means of the worker's performance. (*Id.* at p. 350; see also Lab. Code, § 2750.5.) The other *Borello* factors include: (1) right to discharge at will; (2) whether the worker is engaged in a distinct occupation or business; (3) whether the work is usually done without supervision by a specialist; (4) skill required; (5) who supplies the instrumentalities, tools, and place for work; (6) length of time services are performed; (7) method of payment (by time or job); (8) whether work is part of regular business of principal; and (9) whether the parties believe they are creating an employer-employee relationship. (*Borello*, at pp. 350–351.)

Urgent presented substantial evidence the 1099 Nurses were factually, and not merely contractually, independent contractors. Most important, in satisfaction of *Borello*'s central test, Urgent presented evidence the 1099 Nurses' manner and means of work was not controlled by Urgent but rather by the hospitals. For example, the hospitals established the protocol the nurses operated under, determined the nurses' duties, and supervised the nurses. This is in accord with the statutory requirement that temporary nurses must be supervised by the hospital in all their duties while working at a hospital. (Health & Saf. Code, § 1275, subd. (f); Cal. Code of Regs., tit. 22, § 70713.) The hospitals also did not allow the nurses to determine their own hours or the people they worked with or for. In contrast, Urgent merely offered the nurses temporary assignments, which the nurses were free to reject without explanation or penalty. Urgent had no input into the nurses' execution of the hospitals' assignments.

Urgent also presented substantial evidence the 1099 Nurses were independent contractors under the other *Borello* factors. For example:

1. The nurses were engaged in the occupation of nursing whereas Urgent is engaged in the distinctly different occupation of operating a nursing registry.

2. Performing nursing services is not part of Urgent's regular business, which is to operate a nursing registry.

4

3. Urgent supplied no instrumentalities, tools, or places for the nurses to perform their duties.

4. Nurses are highly skilled individuals. Of note, some of the hospitals' assignments required additional specialties and Urgent offered those assignments only to qualified nurses.

5. Urgent did not supervise the nurses' work on the job.

6. Urgent did not provide the nurses with any continuing education or significant professional training.

7. The nurses were free to reject assignments without explanation or consequence.

8. The relationship between the 1099 Nurses and Urgent was not exclusive; in fact, many of the nurses were registered at other registries or worked for hospitals.

9. Urgent and the nurses thought they were creating an independent contractor relationship under a specific independent contractor agreement. To that end, the nurses' purchase of liability insurance, as required by the agreements, suggests they knew they would not be covered by Urgent's policies as employees.

10. The nurses *chose* whether to be categorized as employees or independent contractors in their contracts with Urgent. There is no evidence in the record to suggest the parties did not enter the contracts at arm's length.

11. Urgent offered the nurses short, irregular assignments with no guarantee of sustainable future work.

It was for the trial court to weigh and balance the *Borello* factors. (See *CenterPoint Energy, Inc. v. Superior Court* (2007) 157 Cal.App.4th 1101, 1119.) That other *Borello* factors may point toward an employment relationship is irrelevant. (*In re Michael G.*, *supra*, 203 Cal.App.4th at p. 589.) The court had substantial evidence to conclude the weight of the *Borello* factors pointed toward an independent contractor relationship rather than an employment relationship.

It is of note other courts have similarly decided that nursing registries are agents for independent contractor nurses. For example, in *Avchen v. Kiddoo*, the court reasoned that nursing registries' "role was that of a commercial 'matchmaker,'" where "a

5

commissioned go-between attempts to put buyers and seller of goods and services in contact with each other" and found that nursing registries are not employers. (*Avchen* (1988) 200 Cal.App.3d 532, 537; *An Independent Home Support Service, Inc. v. Superior Court* (2006) 145 Cal.App.4th 1418, 1435 [recognizing *Avchen*'s applicability to workers' compensation cases, for example, as in *Riley v. Southwest Marine, Inc.* (1988) 203 Cal.App.3d 1242].) Statutes also support the court's finding. For example, the Business and Professions Code defines "'agent'" to include "a nurses registry." (Bus. & Prof. Code, § 2732.05, subd. (c).) Similarly, the Civil Code defines "'nurses' registry'" as "a person who engages in the business of obtaining and filling commitments for nursing service." (Civ. Code, § 1812.524, subd. (b).) The court's finding also does not conflict with the Labor Code's definition of an "'independent contractor'" as "any person who renders service for a specified recompense for a specified result, under the control of his principal as to the result of his work only and not as to the means by which such result is accomplished." (Lab. Code, § 3353.)

Due to the court's supported determination that the 1099 Nurses were independent contractors, State Fund's remaining arguments fail. For example, State Fund argues that a special employment relationship exists between Urgent and hospitals, making Urgent liable for the 1099 Nurses' premiums. A special employment relationship exists when two employers and an employee agree for the original employer to lend the employee to the second employer. (*Santa Cruz Poultry, Inc. v. Superior Court* (1987) 194 Cal.App.3d 575, 580.) A special employment relationship does not apply to independent contractors. (*Caso v. Nimrod Productions, Inc.* (2008) 163 Cal.App.4th 881, 888 [contrasting rights of special employees as compared to independent contractors].)[1] Similarly, State Fund's argument that as Urgent's insurer it was exposed to risks every time a nurse was sent to a hospital fails because State Fund was exposed to risk only when Urgent's *employees*,

---

[1] We also do not need to determine whether the 1099 Nurses were employees of the hospitals, as State Fund impliedly encourages us to do. Under this analysis, that relationship does not bear on Urgent's liability for the 1099 Nurses' premiums because they are *Urgent*'s independent contractors.

6

which did not include the 1099 independent contract nurses, were sent to hospitals. (Lab. Code, §§ 3351, 3700; *Global Hawk Ins. Co. v. Le* (2014) 225 Cal.App.4th 593, 604 [employers purchase workers' compensation coverage for *employees*, which does not include independent contractors].)

State Fund also argues that Urgent improperly gained a benefit from the 1099 Nurses appearing to be insured and therefore should be estopped from refusing to pay the premiums. State Fund did not plead or argue estoppel below according to the documents in the record. We therefore disregard this argument. (*Overgaard v. Johnson* (1977) 68 Cal.App.3d 821, 826.) We likewise disregard State Fund's arguments for misrepresentation, deceit or negligent misrepresentation, or fraudulent intent, which were not pleaded. (*Ibid.*)

There was substantial evidence for the court to conclude the 1099 Nurses were independent contractors and not employees. State Fund did not meet its burden in establishing facts supporting its claim that the 1099 Nurses were employees of Urgent. We therefore affirm the trial court's finding that Urgent is not liable to State Fund for workers' compensation premiums for the 1099 Nurses.

## DISPOSITION

The judgment is affirmed. Urgent Nursing Resources, Inc., is awarded its costs under California Rules of Court, rule 8.278.

NOT TO BE PUBLISHED.


                                                            LUI, J.

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

7