Filed 6/2/26  Pointer v. Karmouta CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LEE POINTER,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>A. JAMAL KARMOUTA,<br><br>    Defendant and Respondent. | F089597<br><br>(Super. Ct. No. 22CECG00417)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Lee Pointer, in pro. per., for Plaintiff and Appellant.

Law Offices of Ronald W. Ito and Ronald W. Ito for Defendant and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Lee Pointer appeals from a judgment following the sustaining of a demurrer, without further leave to amend, to his fourth amended complaint against respondent A. Jamal Karmouta.[1]  Both appellant's briefing and the operative complaint filed below are difficult to parse, particularly in relation to respondent.  It appears, generally, that appellant sought to stop the foreclosure of his home for a variety of reasons, such as being unaware that various lenders might sell his mortgage or what the final cost of his mortgage would be.  He claims at various points that respondent, who is alleged to have acted as a mortgage broker for several refinancings in the early 2000's, may not have actually been a mortgage broker, and that respondent violated the federal Real Estate Settlement Procedures Act of 1974 (12 U.S.C. § 2601 et seq.; RESPA) and the Truth in Lending Act (15 U.S.C. § 1601 et seq.; TILA), as well as committing fraud in some manner.  Appellant also sought to quiet title against respondent, although the

---

[1]  Appellant's opening brief refers to respondent as "Jamal Kaumouta," but it appears the correct spelling of respondent's name is "Karmouta."  Additionally, various other entities are listed as respondents on appellant's opening brief, and the notice of appeal, while not a model of clarity, suggests appellant may have wished to appeal the judgments dismissing each of the various defendants named in his several complaints.  However, it is well settled that, "'in a case involving multiple parties, a judgment is final and appealable when it leaves no issues to be determined as to one party.'"  (*Heshejin v. Rostami* (2020) 54 Cal.App.5th 984, 991.)  Notice of entry of judgment as to Wells Fargo Bank, N.A. was served on October 2, 2023, and as to HSBC Bank, USA and Mortgage Electronic Registration System (MERS) on August 7, 2024.  Because each of these judgments left no issues to be determined as to these parties, they were final and appealable when issued.  Following service of the notice of entry of judgment, appellant had 60 days to file a notice of appeal as to each of these judgments.  (Cal. Rules of Court, rule 8.104(a)(1)(B).)  Thus, the deadlines to file a notice of appeal as to the judgment entered in favor of Wells Fargo, HSBC and MERS, passed in December 2023 and October 2024, respectively.  The sole notice of appeal contained in the record was filed in March 2025, well after the time to appeal the judgments in favor of Wells Fargo, HSBC, and MERS had expired.  The failure to file a timely notice of appeal is jurisdictional, and, thus, this court has no power to consider appeals as to the judgments in favor of Wells Fargo, HSBC, and MERS.  (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881 (*K.J.*); *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)  Indeed, these entities have neither appeared nor filed briefs in this matter.  Karmouta is the sole respondent in this action.

facts alleged by appellant state respondent's sole interest in the property, a deed of trust for $2,000, was reconveyed in 2007.

Regardless of the precise nature of appellant's legal claims, it is clear the statute of limitations for any RESPA or TILA claim expired long ago. Respondent's involvement in any portion of the mortgages or refinancings related to appellant's home occurred at the latest in 2006, and a complaint filed more than 15 years later is far beyond the statute of limitations for any claim filed under those statutes. Further, appellant failed to allege fraud with the requisite particularity, and has not shown any basis to state a declaratory relief action against respondent to clear his title, since appellant acknowledges any interest respondent had was reconveyed in 2007. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 2022, appellant filed a complaint asserting four causes of action: wrongful foreclosure; breach of contract; quiet title; and slander of title. Appellant sought monetary, injunctive, and declaratory relief. Respondent was not named as a defendant in this initial complaint. A first amended complaint was filed in April 2022, which likewise did not name respondent as a defendant. The defendants in the initial complaint, who are not respondents in this proceeding as discussed above, demurred, and the demurrers were sustained with leave to amend in December 2022. A second amended complaint was then filed later in December 2022, which again did not name respondent as a defendant. A second round of demurrers were filed, and the demurrer by defendant Wells Fargo was sustained with further leave to amend in June 2023. Demurrers filed by HSBC and MERS were overruled, as a default had been entered against them and not yet set aside. Appellant failed to timely file a third amended complaint against Wells Fargo, and it was dismissed from the case, with a notice of entry of judgment served on October 2, 2023. The previously entered defaults against HSBC and MERS were set aside in November 2023, and a further demurrer was filed by those

3.

entities in December 2023.  The demurrers filed by HSBC and MERS were sustained with leave to amend in March 2024.

A third amended complaint was filed in March 2024, which was the first naming respondent as a defendant.  Defendants HSBC and MERS again demurred in April 2024.  Respondent filed a motion to strike the third amended complaint as to him, as well as a demurrer, in May 2024.  In July 2024, the trial court granted the demurrer without leave to amend as to HSBC and MERS, and struck the third amended complaint as to respondent without prejudice to appellant's ability to file a motion for leave to amend to add a new defendant, i.e., respondent.  A judgment of dismissal was entered as to HSBC and MERS on August 1, 2024, and notice of this entry of judgment was served on August 7, 2024.  The court denied respondent's demurrer as moot.

Appellant filed a motion for leave to amend the complaint to name respondent as a new defendant in August 2024.  The trial court granted appellant leave to file a fourth amended complaint in order to attempt to state a claim against respondent in October 2024.  A fourth amended complaint was filed later that same month, and named respondent as a defendant in four causes of action:  two for violations of RESPA and TILA; one for declaratory relief to quiet title as to respondent's claims on appellant's title; and one for fraud.  Appellant claimed respondent served as the mortgage loan broker for four prior refinancings of his house, which occurred in 2000, 2003, 2005, and 2006.  According to the fourth amended complaint, appellant executed a deed of trust in favor of respondent in the amount of $2,000 in 2003, which was paid by 2006.  Respondent executed a reconveyance of that deed of trust in 2007, which was ultimately recorded in 2020.  Respondent filed a demurrer to the fourth amended complaint in November 2024.  The court sustained the demurrer in March 2025.

In sustaining this final demurrer, the trial court noted the fourth amended complaint alleged respondent was a mortgage loan broker who was involved in various refinances appellant had obtained on his property.  Appellant alleged respondent had

4.

received a deed of trust in his favor in the amount of $2,000; the debt was later paid, and a reconveyance of the deed of trust was recorded in February 2020. The court rejected respondent's general demurrer argument that he was not the mortgage broker on the transaction, as it found the copy of the document respondent submitted for judicial notice was not legible. However, the court found appellant had failed to allege any specific conduct by respondent that was deceptive or fraudulent under either RESPA or TILA, and had not identified which statutory provisions of RESPA respondent had violated. According to the court, the facts alleged were insufficient to show that the sole transaction between appellant and respondent fell under RESPA, and also noted that the alleged acts were outside of the statutes of limitation for either statute. The court also rejected appellant's declaratory relief claim, noting the fourth amended complaint specifically alleged respondent's deed of trust was reconveyed to appellant, and taking judicial notice of that reconveyance. Lastly, because a cause of action sounding in fraud must be alleged with particularity, and because appellant had failed to note any specific alleged fraudulent actions taken by respondent, the court sustained the demurrer as to the fraud claim as well. The court noted that appellant had been afforded multiple opportunities to amend his complaint to state similar claims and had not demonstrated there were additional facts he could plead that would adequately support any of these causes of action. Therefore, further leave to amend was not granted.

Judgment in favor of respondent was entered in March 2025, and a notice of appeal was timely filed as to that judgment.

## DISCUSSION

### A. Legal Standards

We review the sustaining of a demurrer de novo. (*Center for Environmental Health v. Perrigo Co.* (2023) 89 Cal.App.5th 1, 16.) """"We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially

5.

noticed." [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.'" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

### B.     *The Trial Court Did Not Err in Sustaining the Demurrer Without Leave to Amend*

In this case, we find no error in the trial court's sustaining of the demurrer without leave to amend.  We review each of the claims alleged against respondent below.

#### 1.     <u>RESPA Claim</u>

RESPA is a federal statute that "'broadly regulates various aspects of real estate transactions.'" (*Munoz v. PHH Mortgage Corp.* (E.D.Cal. 2020) 478 F.Supp.3d 945, 954.)  The statute imposes a variety of conditions on regulated transactions, including the use of a uniform settlement statement and disclosure of various fees (12 U.S.C. § 2603), various disclosures and notices related to the sale, assignment, or transfer of a loan (*id.*, § 2605), and prohibitions on kickbacks (*id.*, § 2607).  The antikickback provision, which is the provision that would most obviously apply to an individual mortgage broker, prevents providing anything of value in exchange for referrals as part of a real estate settlement service.  (*Ibid.*, subd. (a).)  However, this is subject to significant exceptions that generally allow mortgage brokers to continue to receive compensation for their services so long as certain disclosures are made and other regulations are followed. (*Ibid.*, subd. (c).)

The fourth amended complaint makes no specific allegations regarding how respondent purportedly violated RESPA, but rather makes general allegations that "the payments made to and received by Defendants were misleading and designed to create a windfall." Regardless of the precise wrongdoing appellant believes respondent committed, it is obvious the statute of limitations has long since passed. Depending on the precise allegations levied, RESPA has either a one- or three-year statute of limitations. (12 U.S.C. § 2614.) Respondent's alleged involvement in this matter is limited to serving as a broker for several refinancings, the most recent of which occurred in 2006, approximately 18 years before any complaint was filed against him. Whatever the specifics of appellant's intended claim, the statute of limitations has expired. As such, the fourth amended complaint stated no cognizable claim against respondent under RESPA.

### 2. TILA Claim

TILA is a wide-ranging law that is designed to strengthen "the informed use of credit" by consumers and ensure adequate disclosure of the costs of leases for automobiles and other durable goods. (15 U.S.C. § 1601 et seq.) This statute imposes numerous disclosure requirements and other limitations on mortgages, among other transactions. (See, e.g., 15 U.S.C. §§ 1637a [requiring disclosures for any lines of credit secured by a consumer's principal dwelling]; 1639 [requiring disclosures for certain types of mortgages; 1639a [imposing duties on servicers of residential mortgages]; 1639b [concerning residential mortgage loan origination].) Here, appellant claims generally that defendants collectively violated TILA by failing to provide him with accurate disclosures, which would fully inform him of the pros and cons of adjustable-rate mortgages. The manner in which respondent in particular purportedly violated TILA is unclear.

Again, however, claims brought under TILA are subject to a one- or three-year statute of limitations, depending on the specific claim being alleged. (15 U.S.C. § 1640,

7.

subd. (e).) "The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction." (*Hamilton v. Bank of Blue Valley* (E.D.Cal. 2010) 746 F.Supp.2d 1160, 1178.) While it is again unclear what the precise contours of the claim alleged against respondent are, his most recent involvement in this matter occurred in 2006, per the operative complaint. Therefore, whatever statute of limitations period is applied passed well over a decade ago.[2]

### 3. Declaratory Relief

Appellant's declaratory relief cause of action appears to be in the nature of a quiet title claim, as he states he "should be declared the equitable owner of the subject property" and "seeks to quiet title as of the date of the filing of this Complaint." However, the fourth amended complaint also alleges respondent reconveyed any interest he had in the property in 2007, which was recorded in 2020. To bring a cause of action to quiet title, a plaintiff must file a verified complaint identifying, among other elements, "[t]he adverse claims to the title of the plaintiff against which a determination is sought." (Code Civ. Proc., § 761.020, subd. (c).) The operative complaint indicates that respondent neither has nor claims any interest in the title to the subject property. Conversely, it alleges respondent reconveyed any interest he had in the property in 2007 and recorded that reconveyance in 2020. One cannot state a claim for quiet title against a person who does not claim any interest in the subject property. Accordingly, the fourth amended complaint did not state a cause of action for quiet title against respondent.

---

**2** We do not find equitable tolling, which is briefly alluded to in the operative complaint, would extend any limitations period here. While equitable tolling has been found to exist in relation to TILA, it extends only "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." (*King v. California* (9th Cir. 1986) 784 F.2d 910, 915.) Appellant does not allege any facts that might entitle him to equitable tolling for claims against respondent.

#### 4. <u>Fraud</u>

The fourth amended complaint also seeks to state a cause of action for fraud. The elements of fraud are (1) a misrepresentation, (2) made with scienter, or knowledge of its falsity, coupled with (3) the intent to defraud, (4) justifiable reliance on the misrepresentation, and (5) resulting damages. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) Under California law, fraud must be pleaded with specificity, and general and conclusory allegations are insufficient to sustain a plaintiff's burden. (*Morgan v. AT&T Wireless Services, Inc.* (2009) 177 Cal.App.4th 1235, 1261–1262.) Generally, this standard "'necessitates pleading *facts* which "show how, when, where, to whom, and by what means"'" the allegedly fraudulent representations were made. (*Lazar, supra*, at p. 645.)

The fourth amended complaint does not identify any facts showing that respondent made a fraudulent statement, what that statement might have been, when or where it was made, or by what means it was conveyed. Accordingly, insufficient facts are pleaded in the operative complaint to state a cause of action for fraud, as the trial court appropriately found.

### C. *Appellant's Arguments are Unpersuasive*

The arguments contained in appellant's brief are difficult to follow. His first argument appears to be that the trial court violated due process by failing to find the various mortgage lenders engaged in a predatory lending scheme by agreeing to give him a mortgage that he could not pay back. Appellant argues respondent participated in this scheme by giving information to another person, who he claims was the actual broker for the loan, who then "exposed [appellant's] mortgage to the predatory lending scheme …." No citations to the record are included. We decline to scour the record for evidence that would support appellant's argument. (*Helm v. City of Los Angeles* (2024) 101 Cal.App.5th 1219, 1228, fn. 5, 1230, fns. 6, 7; *In re S.C.* (2006) 138 Cal.App.4th 396, 406–407; *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

9.

Appellant next argues the trial court erred by failing to find a violation of Financial Code sections 22000–22100, when respondent allegedly "falsely impersonated a Mortgage Loan agent .…" The record does not reflect that the fourth amended complaint contained any allegations pertaining to these sections of the Financial Code. As such, appellant may not raise these issues now. (*Overgaard v. Johnson* (1977) 68 Cal.App.3d 821, 826 (*Overgaard*) ["[a] party may not for the first time on appeal change the theory of the cause of action, and issues not raised in the trial court cannot be raised for the first time on appeal"].) Further, the sole citations to the record in this section of the argument point only to respondent's briefing on demurrer, and do not establish any factual allegations against respondent that could lead to a cognizable cause of action.

The third argument set forth in appellant's brief alludes to respondent in some way providing information he was not permitted to share with another mortgage broker. However, these allegations are not pleaded in the operative complaint. Again, appellant may not raise new claims on appeal. (*Overgaard, supra*, 68 Cal.App.3d at p. 826.)

Appellant's fourth, fifth, sixth, and seventh arguments seemingly raise issues only pertaining to other defendants who were previously dismissed and are not parties to this appeal. "'"[W]here several judgments and/or orders occurring close in time are separately appealable (e.g., judgment and order awarding attorney fees), each appealable judgment and order must be expressly specified—in either a single notice of appeal or multiple notices of appeal—in order to be reviewable on appeal."'" (*Colony Hill v. Ghamaty* (2006) 143 Cal.App.4th 1156, 1171.) Although not a model of clarity, it appears appellant may have intended to appeal each of the final dispositions against all defendants named at any point in this case. As set forth in footnote 1, above, the deadlines to file notices of appeal as to the judgments in favor of Wells Fargo, HSBC, and MERS passed long before the sole notice of appeal in the record. The timely filing of a notice of appeal is a jurisdictional prerequisite to our ability to hear an appeal. (*K.J., supra*, 8 Cal.5th at p. 881.) As such, we lack jurisdiction to consider any arguments or

issues raised in relation to purported appeals against the various entity defendants. Because the sole judgment under review in this appeal is the judgment in favor of respondent A. Jamal Karmouta, arguments pertaining to other defendants who were previously dismissed are irrelevant to our resolution of this matter.

Appellant's eighth and ninth arguments concern claims for intentional infliction of emotional distress and negligence, which were not pleaded in the operative complaint and cannot be raised for the first time on appeal. (*Overgaard, supra*, 68 Cal.App.3d at p. 826.) To the extent appellant's eighth argument relates to his fraud claims, the arguments contained therein relate to various entity defendants, which are not party to this appeal and over which this court lacks jurisdiction. (*K.J., supra*, 8 Cal.5th at p. 881.)

Lastly, appellant asserts he moved for a new trial "on the grounds that the jury was contaminated by the evidence of the tort claims, there was insufficient evidence to support the demurrer decision, and the trial court committed error." He states the court abused its discretion in failing to grant a new trial, because a "new trial should have been base[d] on the usage of a void deed and no record assignment deed was illegally used for enrichment." This argument makes little sense: appellant's fourth amended complaint against respondent was dismissed via demurrer, which concerns only the adequacy of the pleading. As such, no trial was held. Appellant could not have moved for a new trial, and there is no indication in the record that he attempted to so move. As such, this argument is unavailing.

11.

## **DISPOSITION**

Finding no error, we affirm the trial court's judgment. Respondent shall recover his costs.

MEEHAN, J.

WE CONCUR:

HILL, P. J.

FRANSON, J.